ANDREW McCULLOM *v.* PORTER, THOMAS & FOLEY.

A depository is not answerable, in any case, for acts produced by overcoming force; such as fire, un-
less he failed to use proper diligence.

APPEAL from the Sixth District Court of New Orleans.* *Howell,* J.
*Durant & Hornor for defendants.*—The plaintiff sues the defendants for
damages on an alleged *refusal to deliver* a portion of sugar confided to
them, as depositees or bailees. There is no allegation in the petition,
either of want of good faith, or of reasonable care, or of ordinary dili-
gence. Under general principles of law, warehousemen " are responsible
for want of good faith, and of reasonable care and ordinary diligence,
*and not to any greater extent.*" 2 Kent, p. 591; La. Code 2908, 2909, 2910;
1 Larombière, p. 406.

As to *force majeure :* L. C. 2151, 2216, 2693.

*The burden of proof is on the plaintiff.* After we had shown the loss by
fire, if plaintiff still intended to hold us responsible for our fault, it is for
him to prove it. Brileux on C. N. 1147, 1302; Troplong, Nantissement,
§ 432.

Even under the Code Napoleon, 1733, which is directly the reverse of our
Louisiana Code, 3493, the burden of proof is on the tenant only as to the
immovable and not as to the movables of the owner. Sirey, 34, 2, 241;
Larombière, C. N. 1148. See also 2 Salkeld, p. 655; and Reporter's note
in 7 Cowen, 500.

"A warehouseman is bound only for ordinary care, and is not liable for
a loss from accident when *not in default;* and *not in default* when he exer-
cises such due and common diligence in the care of goods entrusted to
him as he would bestow in the care of his own." Edwards on Bailments,
p. 284; *Schmidt* v. *Blood,* 9 Wendell, 271; Troplong, Dépôt, § 63 *et seq.*

Additional authorities : Story on Bailments, § 442, p. 289 and note at
foot of page; 4 Larombière, p. 5.

LABAUVE, J. The plaintiff alleges that the defendants, commercial
partners in the city of New Orleans, are justly indebted *in solido* to him,
in the sum of $11,680; for this, that, at divers times, from the 31st Janu-
ary to the 6th February, 1860, the defendants received on storage from
him, and on his account, 170 hhds. of sugar, which they agreed to house
and restore to him on demand, in consideration of a reasonable compen-
sation for the storage and preservation; that on or about the 30th April,
1860, he made a demand for the delivery of said sugar, and that they
restored to him only 24 hhds., having 146 hhds. which they have ne-
glected and refused to deliver, and for which they are bound to account,
at the value the same bore on the 30th April, 1860; that said sugar was
worth, at that time, $80 per hhd., making in the aggregate $11,680,

12

McCullom
v.
Porter et als.

He prays for the delivery of said sugar, or, in default thereof, for its value, $11,680.

The defendants admitted, in their answer, the storage of the sugar, 170 hhds; of which 146 hhds. perished by fire on the 24th April, 1860, so that they were only able to deliver 24 hhds. out of the 170, on account of the same having been stored in a brick warehouse, and which escaped the fire; that this fire was, as to respondents, an inevitable casualty, for the effects of which they were not liable in law. They added a general denial, not inconsistent with the foregoing defence and statements. They claimed, in reconvention, of the plaintiff $159, for storage of sugar stored with them. They prayed for judgment accordingly.

The court below, after hearing the testimony, gave judgment for the defendants, and the plaintiff appealed.

The destruction by fire of the warehouses where the sugar was stored, was proven, as alleged in the answer; at the time there was a large quantity of goods, sugar and cotton, stored in the warehouses, and there were many losers besides the plaintiff. The accident by overpowering force being clearly proven, it was incumbent on plaintiff to sustain his demand, to show that the loss had been caused by the fault or neglect of the defendants; nothing of this is shown; on the contrary, the defendants are proven to be careful men, attentive to their business; their loss was heavy by this fire. We have carefully examined the testimony, which is very voluminous, and we see nothing to satisfy us that the District Judge has erred in coming to his conclusion. C. C. Arts. 2908, 2909, 2910; Story on Bailments, Art. 442; Edwards on Bailments, p. 284.

The plaintiff and appellant has made no appearance in this court.

It is therefore adjudged and decreed that the judgment of the District Court be affirmed, with costs.

Howell, J., recused.