### No. 36.—C. YALE, JR., & Co. v. OLIVER & DRAKE.

The affidavit of a party, received without objection, showing that a letter book has been lost, which contains the correspondence between the defendants and their agent or depositary, is sufficient to authorize the introduction of secondary evidence to prove their contents.

The agent or depositary of cotton, during the late war, cannot be held liable, where it is shown that it was destroyed by overpowering force.

APPEAL from the Twelfth Judicial District Court, parish of Ouachita. *Crawford, J. J. & S. McEnery*, for plaintiffs and appellants, *Isaiah Garrett*, for defendants and appellees.

TALIAFERRO, J. The plaintiffs bring this suit against the defendants for six bales of cotton, on the following ground. They allege that they are assignees of certain receipts of defendants given in February, 1862, to H. H. Howard for their receipt on storage of the six bales of cotton sued for, the defendants being at that time merchants in the town of Trenton, and keeping a warehouse for the storage of cotton brought to that place for shipment. The receipts specify the marks and weights of the bales. From the widow of Howard, who died in 1864, the plaintiffs aver they received the receipts regularly assigned and delivered to them by one Townsend as the agent of the widow and natural tutrix of the decedent Howard.

The defendants in their answer admit that they received the cotton specified, and aver that soon after the receipt of the cotton the rebel authorities, then holding rule in this portion of the country, issued orders for the removal of all cotton lying near the Ouachita river, at least two miles back from the river, or burned. That defendants informed all their customers of the peril to which their cotton was exposed, and they were requested by Howard to have his cotton re-

moved, which they did accordingly, and had it placed under a shed, and employed a man to take care of it. That afterwards during the war this cotton shared the fate of all other cottons exposed in like manner to the vicissitudes of war; that it was lost by no fault or neglect of theirs, being destroyed by overpowering force and various agencies utterly beyond their power to control.

The defendants had judgment in their favor, and the plaintiffs appealed.

A bill of exceptions was taken to the ruling of the court admitting certain testimony objected to by plaintiffs on the ground—*First*, that parol testimony is inadmissible to prove the contents of instruments of writing disclosed in the interrogatories and answers, the loss or destruction of which not having been first proved. *Second*, that the evidence sought to be introduced disclosed better and higher evidence than the parol testimony offered; which objections were overruled by the court.

The plaintiffs further objected to the admission in evidence of a newspaper advertisement specifying the loss by the defendants of their letter book in which were copies of the letters that passed between defendants and Howard in relation to the removal of the cotton.

We think the objections were properly overruled. True, it appears that the advertisement was inserted in the paper after the institution of the suit. But we find the affidavit of one of the defendants in which he swears to the loss of the letter book containing the correspondence between Oliver & Drake and Howard who deposited the cotton with them. No objection to this affidavit was made. We think, under the state of the facts shown, the defendants were authorized to introduce the secondary evidence.

The proof fully sustains the defendants, and we are satisfied that the judgment of the lower court has done justice between the parties· 8 L. R. 517.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs in both courts.