### No. 1976.—JOHN THOMAS v. W. C. DARDEN.

In a case like this, where the defendant, the keeper of a public warehouse, received a lot of cotton on storage, and gave a receipt therefor, it is not sufficient excuse for non-delivery, when demanded, for him to show that soldiers were encamped near where the warehouse was situated, and that it was commonly believed that they and the freedmen were stealing cotton; that the back door of the warehouse could easily have been forced open at night, and the cotton taken out, and then closed again, without being discovered in the daytime.

It seems that a warehouse keeper will be held responsible for the loss of property stored, in all cases where he fails to show that the loss occurred without his fault.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,* J. *Randolph, Singleton & Browne,* for plaintiff and appellant. *Hays & New,* for defendant and appellee.

WYLY, J. The plaintiff has appealed from a judgment rejecting his demand for the value of seventeen bales of cotton, being a part of a lot of eighty-one bales stored by him in the warehouse of the defendant,

at West Point, Georgia, in October, 1865, which the defendant failed or refused to deliver to him with the balance of the lot, in January, 1866.

The petition is based upon the receipt of the defendant, who kept a public warehouse at West Point, Georgia, when the cotton was deposited with him. It is as follows:

"Received from John Thomas, eighty-one square bales cotton, marks, etc., as per margin, subject to this receipt, or to order, on paying customary charges and all advances (casualties excepted).

[Marks—1 in a triangle, Nos. 1 to 81; weight, 42,553.]

"October 10, 1855.

(Signed)                           "W. C. DARDEN."

This suit was begun by attachment, the defendant, a non-resident, having sufficient property in the hands of the garnishee to satisfy the demand of the plaintiff.

The defendant pleaded the general denial, and, further answering, averred that the cotton which he failed to deliver to the plaintiff was stolen from his warehouse, although he used all the care and diligence in the protection thereof that the most prudent administrator could, or that the law requires, and that the loss is in no manner attributable to his fault or neglect.

The plaintiff has fully proved that he deposited the cotton on storage with the defendant; that the latter failed or refused to deliver the seventeen bales of cotton, although demanded so to do, at the time the balance of the lot was delivered, and that the missing cotton was worth the amount claimed by the plaintiff.

A careful examination of the evidence fails to satisfy us that the defendant used proper diligence in preserving the property stored in his warehouse. He can not escape liability upon the vague and general statements of witnesses that soldiers were encamped near where the warehouse was situated, and that it was commonly believed that they and the freedmen were stealing cotton; that the back door of the warehouse could easily have been forced by the soldiers, who were encamped near by, and cotton could have been taken out at night, and the door replaced so that it could not be discovered in the daytime. It was the duty of the defendant to have examined his doors to see that they were safe, and to have examined the cotton stored within, to ascertain whether it was being stolen, especially as reports were rife of the extent of depredations of the character practiced at the time.

It appears in the evidence, that when the delivery was made of the remaining part of the cotton, and when the whole lot was demanded, no statement was made to the owner that the cotton was stolen; indeed, it was months after before any excuse that the cotton was stolen was set up.

That the defendant so long remained in ignorance that the property

confided to him had been stolen, satisfies us that he was at least very neglectful; that he did not watch and protect his premises with ordinary prudence; and we think, therefore, that the plaintiff should not suffer by his fault.

We think the defendant has failed to adduce any satisfactory proof that the cotton was actually stolen; at best, it is only probable. He certainly has not exercised the diligence of a faithful custodian, and should be held responsible for the loss he has occasioned to the plaintiff.

In Schwartz, Kauffman & Co. v. Marx Baer, 21 An. 601, it was held that, in order to avoid liability for the loss of cotton on storage, the warehouse keeper must show that the loss occurred without his fault. He can not be relieved by showing that the loss occurred by an overpowering force. He must also show that he used all proper means to prevent it.

It is therefore ordered that the judgment herein be annulled, and that plaintiff have judgment against the defendant for $3393 78, with five per cent. per annum interest from the thirteenth day of January, 1866, and all costs to be paid, with attaching creditor's lien, out of the property attached herein.