No. 2140

Second Circuit

HARTFORD FIRE INSURANCE CO. v. DOLL

(November 6, 1926.   Opinion and Decree.)
(December 11, 1926.   Rehearing Refused.)

(*Syllabus by the Editor.*)

1.  Louisiana Digest—Warehousemen and Warehouse Receipts—Par. 6, 8.

A bailee for hire is not an insurer of the chattel left in his hands.   But he is required to use due all ordinary care in the protection of the article and is bound to restore it when the bailment is at an end.

2.  Louisiana Digest—Evidence—Par. 58, 59.

The burden of proof is on the party who rents parking space for automobiles

to show that the stealing of an automobile, while on his ground was due to no negligence on his part.

Appeal from the First Judicial District Court of Louisiana, parish of Caddo. Hon. E. P. Mills, Judge.

Action by Hartford Fire Insurance Company against J. M. Doll.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

S. M. Atkinson, Alex F. Smith, of Shreveport, attorneys for plaintiff, appellee.

L. C. Butler, of Shreveport, attorney for defendant, appellant.

ODOM, J.    Plaintiff brought this suit to recover the sum of $541.15, the value of an automobile which is alleged to have been stored by A. C. Hanson on a plot of which the defendant was the lessee and which was stolen while so stored.

Plaintiff, the insurer of Hanson, having paid the loss procured an assignment of the claim from Hanson against the defendant.

There was judgment in the District Court against the defendant for the amount claimed and defendant has appealed.

## OPINION.

The facts in the case are not disputed and are as follows:

The defendant leased from the owners two vacant squares of ground near the baseball park in the city of Shreveport to be used as parking space for automobiles of those who attended baseball games, or, as defendant says, "for the convenience of ball fans".

Defendant erected at the entrance to the leased property a sign reading: "Automobile Parking Ground".

A great many people went to the ball game in automobiles and there was not room on the street for all of them to park their cars near the entrance of the ball park. Prior to the date on which defendant leased and took possession of the vacant property above mentioned, it was used as parking space without objection on the part of the owner and without compensation or fee. But when defendant took over the property under his lease, he charged a fee of 25 cents for each car parked on the leased premises. Defendant kept a man stationed at the entrance to said plot of ground, and when the owner of a car wished to park there he paid the fee, whereupon the man in charge attached to the steering wheel of the car a card bearing a number and delivered to the owner of the car a stub or ticket bearing a corresponding number on which was printed these words:

"COUPON

"Automobile            PARK
"At Base Ball
"Check No.———
"We will endeavor to protect your car from all trespassing while parked with us.

———

"This coupon and check will be taken up as you drive out."

The owner of the car then drove it upon the premises and was shown where to park it by an employee of the defendant. The cars were so arranged under the direction of defendant's employee as to enable the owners to remove them from the premises without delay.

A. C. Hanson, who desired to park his car with defendant during the progress of a ball game, paid the fee, whereupon defendant's employee tied a card on the steering wheel, giving Hanson the coupon, which he kept. Hanson then drove his car into the parking ground and placed it where he was directed by an employee of the defendant. Hanson then entered the ball park and witnessed the game. When he came out he presented the coupon or check in order to get his car. Upon investigation it was found that the car had been stolen. The car was never recovered, and the plaintiff having insured Hanson's car against theft paid the loss and had Hanson to assign to it his claim with subrogation.

Plaintiff's contention is that defendant was a bailee for hire; that the car was allowed to be stolen on account of the gross fault and negligence of defendant, and that he is therefore liable.

Defendant contends that he merely leased Hanson space on which to park his car; that he did not take charge of the car; that he was not an insurer or custodian of the car, and that he did not assume any responsibility whatever for its safe keeping, "either from fire, theft, accident by collision, or otherwise," and that the charge of 25 cents was for use of the space that he rented.

The deposit of the car by Hanson on defendant's premises under the circumstances above detailed was a bailment of the car and the relation of the parties to each other was that of bailor and bailee, the defendant being a bailee for hire.

It is not disputed that there was no express agreement between the parties at the time the car was deposited as to the responsibility assumed by the defendant other than what was printed on the ticket or coupon given by defendant to plaintiff which is as follows:

"We will endeavor to protect your car from all trespassing while parked with us."

By that express agreement defendant bound himself to use due diligence to see that the car was not removed from the premises by theft. Defendant, therefore, did more than merely lease space for parking cars. He specifically obligated himself to use due care in protecting them.

A bailee for hire is not an insurer of the chattel left in his hands. But he is required to use due and ordinary care in the protection of the article and is bound to restore it when the bailment is at an end.

It is contended by defendant that he assumed no special obligation to protect and restore this car, but we think he did. The printed receipt or coupon evidences that fact. But even if he did not, he is still liable under the general law of bailment in which there is an implied obligation on the part of the bailee to keep and return the property; and unless it is shown that the property was lost without negligence on his part, he is liable for its value.

As to the bailee's liability in case of theft under the general law of bailment, the rule is stated as follows in a case note found in 26 A. L. R., page 224:

"The rule is of course well settled that in the absence of special contract an ordinary bailee for hire is not an insurer against theft and cannot be held liable for the loss of the property by this means without negligence on his part."

Many authorities are cited in support of this rule. Our own Supreme Court has many times held that in cases where the property was lost or destroyed while in the hands of a bailee he is not responsible unless guilty of negligence, but, on the contrary, is liable where negligence is shown.

McCullough vs. Porter, 17 La. Ann. 89.

Thomas vs. Darden, 22 La. Ann. 413.

Levy vs. Bergeron, 20 La. Ann. 290.

Brittain vs. Aymar & Bryant, 23 La. Ann. 63.

James vs. Greenwood, 20 La. Ann. 207.

Yale vs. Oliver, 21 La. Ann. 454.

Scott vs. Sample, 148 La. 627, 87 South. 478, and cases therein cited.

The defendant received Hanson's car to be kept and returned to him. He did not return the car, and the burden of proof was upon him as bailee for hire—

"* * * to establish the facts which might excuse such failure or to show that he exercised at least the care that a prudent man takes of his own."

See Scott vs. Sample, 148 La. 627, 87 South. 478, and authorities therein cited.

Defendant made no such proof; in fact he does not defend the suit on the ground that he used due care but upon the ground that no responsibility rested upon him to protect the car. His contention is somewhat remarkable considering the fact that he delivered a ticket or coupon for the car on which was written the words "we will endeavor to protect your car from all trespassing while parked with us".

There is no testimony in the record that he made any effort whatever to protect the car.

The burden being upon him to establish the facts necessary to show that he was without fault, and he having failed to do so it necessarily follows that he is bound.

The amount of the claim is not contested.

For the reasons assigned, the judgment is affirmed with costs.