ST. PAUL, J.
 

 Plaintiff sues for the value of 20 bales of cotton stored in defendant’s warehouse and destroyed by fire of unknown origin during the night of Sunday, October 14, 1923.
 

 As the defendant, as bailee of the cotton, has shown that the cotton was destroyed by an overwhelming force, the burden of proof is on plaintiff to show that the fire originated or was permitted to spread through some fault or negligence on the part of defendant. McCullom v. Porter, 17 La. Ann. 89; Scott v. Sample, 148 La. 627, 87 So. 478.
 

 The evidence in this case shows that the defendant owned a small tin-inclosed ware
 
 *608
 
 house in the small town of Mangham, in which he stored his own cotton and that of liis neighbors, charging the latter 25 cents per bale per month, and having therein at times some 200 or 300 bales of cotton.
 

 It is charged as negligence on his part that he employed no watchman, and that he had no fire extinguishing apparatus, not even water barrels about the premises, although the town had no water system.
 

 We do not think the defendant was obliged under the circumstances to hire a watchman; nor do we think that he was obliged to install a fire-extinguishing system in his warehouse merely because the town had none. But conceding that it might have been negligence on the defendant’s part not to have water barrels handy to stop a small fire when first discovered, nevertheless we see no causal connection between such alleged negligence and the damage to plaintiff’s cotton, for in this case the fire was discovered only after it had made such headway that there was no possibility of extinguishing it by means of pails of water thrown upon it.
 

 Moreover, defendant took as good care of the cotton stored for others as he did of his own; and since the actual conditions were well known to all who stored cotton with him, it follows that he took as good care of their cotton as they themselves expected him to take of it.
 

 Negligence vel non, in each particular case of this sort, is a question of
 
 fact
 
 to be found from all the surrounding circumstances. In this case the trial judge saw no negligence, and we agree with him.
 

 The judgment- appealed from is therefore .affirmed.
 

 THOMPSON, J., recused.
 

 O’NIELL, O. J., absent, takes no part.