GULF & SHIP ISLAND R. R. CO. v. SUTTER MOTOR CO.

(January 13, 1930. Opinion and Decree.)

Lemle, Moreno & Lemle, of New Orleans, attorneys for plaintiff, appellee.

R. O. Vorbusch, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Defendant, Samuel E. Sutter, using the trade-name Sutter Motor Company, operates a public garage.

Plaintiff owned a Nash automobile which it assigned to one of its employees for use in his work, and which was stored over night in defendant's garage.

During the night and without the knowledge of defendant it was taken out of the garage by one of defendant's employees, who was in charge of the garage for the night, and, while it was being operated by that employee, Schayer, for his own purposes, it was seriously damaged as a result of his negligence.

Plaintiff attempts through this suit to recover the cost of making the repairs which he claims were necessitated by the accident.

Defendant resists payment on the theory that the employee, in taking out the car for his own purposes, was not acting within the scope of his employment and that therefore he (Sutter) is not liable for the damages resulting to plaintiff's car from the unauthorized act of the employee. In support of this contention several authorities are cited, notably Tinker vs. Hirst, 162 La. 209, 110 So. 324.

But that case and the others referred to are authority solely for the proposition that a master is not liable to third persons for the results of the negligent act of his employee, unless the act was done by the employee while acting within the scope of his employment. That doctrine, while manifestly sound, is plainly not applicable here, because we are not concerned with the question of the liability ex delicto of the master for the acts of his servant which result in injuries to third persons, but solely with the determination of what is the contractual liability of a bailee for hire.

The evidence shows that, when the car was left in defendant's garage, it was in good condition and that the next day it was found in the garage in a much damaged condition. This fact alone placed upon the garageman, as bailee for hire, the burden of proving that the cause of the damage was neither his negligence nor the negligence of his employee. Scott vs. Sample, 148 La. 627, 87 So. 478; Turnbull vs. Automobile Service Co., Orleans App. 8156, unreported (See Louisiana and Southern Digest), decided January 30, 1922.

In Hartford Fire Insurance Co. vs. Doll, 5 La. App. 226, the Court of Appeal for the Second Circuit said:

"A bailee for hire is not an insurer of the chattel left in his hands. But he is required to use due and ordinary care in the protection of the article and is bound to restore it when the bailment is at an end.

"It is contended by defendant that he assumed no special obligation to protect and restore this car, but we think he did. The printed receipt or coupon evidences that fact. But even if he did not, he is still liable under the general law of bailment in which there is an implied obligation on the part of the bailee to keep and return the property; and unless it is shown that the property was lost without negligence on his part, he is liable for its value."

With reference to the stipulation in the claim check that the garage would not be responsible for fire or theft, it appears to us that defendant is in no way benefited under the facts of this case by that stipulation. In the first place, we doubt seriously whether such a provision, not called to the attention of the owner of the automobile, would be binding. Lula May Lawes vs. N. O. Transfer Co., No. 11491, of this court, decided June 10, 1929, 11 La. App. 170, 123 So. 144. In the second place it appears to us that no theft, as is usually understood, was committed. In order to constitute theft it must be shown that the person who unlawfully removed the property intended permanently to deprive the owner of it, and this was plainly not the case here. Miller vs. Newark Fire Ins. Co., 125 So. 150, decided by us December 16, 1929; Van Vechten vs. American Eagle Fire Ins. Co., 239 N. Y. 303, 146 N. E. 432, 38 A. L. R. 1115. Furthermore, it appears unreasonable to so interpret the contract as to hold that the bailee may relieve himself of liability resulting from a theft committed by his own employee.

We experience no difficulty in reaching the conclusion that defendant is liable for such damage as plaintiff sustained.

We are, however, much concerned with the question of determining the actual amount of damage suffered by the automobile. The pictures which we find in the record show that the rear fenders of the car were in no way damaged, yet the bill introduced contains charges for two new rear fenders. The bill also includes charges for a horn and for a new tube connecting the headlights, although both these articles appear to have been in no way injured. Many other items appearing in the bill seem to cover parts which, by no stretch of the imagination, can be said to have been affected in any way by the accident. The charge for 116 hours of labor at $1.50 per hour is not readily understood, in view of the fact that the photographs do not show a condition of damage requiring anything like that amount of labor.

Defendant testified that the repairs could have been made for about one-third of the amount charged. It is true that the contradictory evidence offered by defendant is very meager, and we hesitate to disturb a finding of a trial court on such testimony, and it is also true that there is some controversy over our right to consider the photographs, as, technically, they may not have been fully identified. Nevertheless, we feel that these photographs, which were produced by plaintiff, show the true condition of the car after the accident, and we are also convinced that, even without their assistance, there is grave doubt as to the correctness of the charges made.

Rather than attempt, on such meager evidence, to determine what amount should have been allowed, we prefer to remand the case to the court a qua to the end that that court may hear such additional evidence as may be produced with regard to the amount of damage sustained and the actual cost of making repairs.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be reversed in so far as it fixes the quantum, and that in all other respects it be affirmed; and it is further ordered that this cause be remanded to the district court to be heard only upon the issue above stated, the costs of appeal to be paid by the defendant and those of the lower court to await the final judgment in the case.