**JERSEY INSURANCE CO. OF NEW YORK, Plaintiff-Appellee, v. SYNDICATE PARKING INC., Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20714. Decided January 12, 1948.

T. E. McNamara, Cleveland, for plaintiff-appellee.
Alto W. Brown, Cleveland, for defendant-appellant.

## OPINION

By SKEEL, J.

This cause is now before this court on a motion for rehearing filed by the appellant, this court having on the 10th day of November, 1947 affirmed a judgment for plaintiff appellee entered by the Municipal Court of Cleveland in the sum of $189.53.

The plaintiff insured the Buick automobile of one Thomas H. Taylor against loss by theft. Taylor parked the said automobile in the parking lot of the defendant on the evening of November 11, 1944. He received an identification ticket from the parking attendant and left the keys in the car at the request of the defendant because there was no space then available where the car could be parked. Taylor returned for his automobile at eleven o'clock P. M. of said day and demanded the return of his automobile. A careful search of the parking lot disclosed that the automobile had been stolen. The automobile was recovered in a damaged condition.

a few days later by the police and the plaintiff paid Taylor under his contract of insurance $189.53 because of such damage. By the proof of claim the plaintiff appellee was subrogated to Taylor's rights against the defendant.

The plaintiff then instituted this action to recover the amount paid to Taylor alleging in said action, the delivery of the automobile to the defendant by Taylor, the demand for its return, under the bailment contract and the refusal of defendant to return the same; its ultimate recovery by the police in a damaged condition, its right to bring the action, being subrogated by the insurance contract to the rights of Taylor, and asked judgment for the amount of the damage.

Defendant's answer admits the bailment relationship and that the automobile ("through no fault or neglect") was not returned because it had been stolen. Further, the defendant alleged that at the time the Buick auomobile was left for storage, Taylor received a parking ticket upon which was printed on its face in clear and legible printing the terms of the contract to the effect that the defendant would not be responsible for the theft of the automobile while in its possession; that the person delivering said automobile to the defendant was apprised of the terms of the bailment contract and was familiar with the same, and agreed thereto.

The plaintiff did not file a reply. Upon the trial, the plaintiff offered the testimony of a witness by deposition that the plaintiff paid Taylor $189.53 damages under its contract of insurance but failed to introduce the policy. The court also permitted the plaintiff to introduce the testimony of Mr. Taylor to the effect that he did not read or assent to the conditions printed on the parking ticket.

The defendant, upon the overruling of its motion for directed verdict at the conclusion of plaintiff's case, introduced the evidence of the attendant in charge of the parking lot on the night Taylor's car was stolen, whose testimony was to the effect that on that night there were two attendants in charge, that the parking lot fronts on Euclid Avenue at the southwest corner of East 18 Street, running south to Prospect Avenue and is divided by an alley running west from East 18 Street; that one attendant was stationed at the rear of said lot and the other at the Euclid Avenue entrance, and that no automobiles were released except upon presentation of the proper parking ticket.

The court rendered judgment for plaintiff in the sum of $189.53 and costs.

The defendant claims prejudicial error as follows:

1. The admission of evidence over defendant's objection.

2. In overruling defendant's motion for judgment at the conclusion of plaintiff's case and also at the conclusion of defendant's case.

3. For overruling defendant's motion for judgment notwithstanding the verdict.

The evidence to which defendant objected had to do with the testimony of witness, Taylor, who testified that he did not know of or assent to the printed conditions on the parking ticket. Unquestionably the failure of plaintiff to file a reply constituted an admission of the truth of the defendant's allegation in its answer that the conditions printed on the parking ticket were known to the witness, Taylor, and that he assented thereto.

But under the facts in this case, the erroneous admission of such evidence was not prejudicial. Even if such limitation of liability was agreed upon, it could not relieve the defendant of its negligence in carrying out the bailment contract; such provisions of a bailment contract limiting liability are construed not to include the release of liability from losses occasioned by the negligence of the bailee. The Supreme Court in the case of **Insurance Company v Constantino, 144 Oh St 275**, on page 283, said:

"The general rule is well stated in 6 American Jurisprudence 270, Sec. 176 which reads in part as follows: 'It is now apparently well setttled that a bailee for hire cannot, by contract exempt himself from liability for his own negligence or that of his agents or servants * * *.' "

The defendant was therefore not prejudiced either by the admission of evidence or the overruling of motion for judgment either at the conclusion of plaintiff's case or at the conclusion of taking all of the evidence in the case.

The question of whether or not defendant's evidence was of sufficient weight to counter-balance the prima facie case made out by the inability of defendant to return the automobile upon demand therefor is one of fact. The court as the trier of the facts came to the conclusion that defendant's explanation of its conduct did not counter-balance such presumption of negligence and we cannot say that its conclusion is manifestly against the weight of the evidence.

We hold, therefore, that the court did not commit prejudicial error in overruling defendant's motion for judgment notwithstanding the verdict.

For the foregoing reasons the motion for rehearing is overruled.

HURD, PJ, MORGAN, J, concur.