Plaintiff has instituted this suit against the defendant as a result of damages to plaintiff's 1940 Buick four door Sedan automobile which caught fire and was partially burned while an employee was welding a cross brace on said automobile. Plaintiff alleges that he had delivered his automobile to the defendant's shop, for the purpose of welding a cross brace; that the work was to be performed by the defendant, his duly authorized servants, agents and employees, in the due course of the business of the Said defendant; that while the automobile was in defendant's welding shop and being worked upon that one of the said employees of the said defendant unskillfully, reccklessly, negligently and incompetently permitted the welding torch or similar appliance to come in contact with the gasoline tank of peitioner's automobile, causing the automobile to take fire and, as a result, the automobile was seriously damaged; that the damage amounted to $435.10; that the said damages and the resulting Cost of repair were directly attributable to the lack of skill, competency, care and caution on the part of the said defendant and his said authorized employee.
Defendant, through its counsel, filed an exception of vagueness and also one of no cause or right of action. The exceptions were overruled by the Judge of the District' Court and defendant thereafter filed its answer.
Defendants denied the allegations of plaintiff's petition and further denied that the plaintiff had or did at any time leave the automobile at defendant's place of business for repair for a consideration, but alleged, on the contrary, that plaintiff is a friend of one Jessie W. Lea who was at that time employed by defendants; that during the noon hour and while the said Jessie W. Lea was off for lunch, the plaintiff asked him to weld something about the automobile in question; that the said Jessie W. Lea, without any consideration whatever except through friendship, voluntarily spot-Welded the cross bar off of the premises of the defendant. Defendants further allege that the said Jessie W. Lea was not at the time of the performance of the job an employee of the defendants and was not working in the furtherance of the defendants' trade and undertaking and, on the contrary, was doing a gratuitous act for a friend.
The case was duly tried and the District Court rendered judgment in favor of the plaintiff in the full sum of $359.42, together with legal interest from date of judicial demand until paid and all costs of suit. The defendant, Becker Welding Shop, has appealed, from this judgment.
[1] Defendant is urging its exception of no cause or right of action based upon the proposition that the insurance company has settled with the plaintiff and that the plaintiff no longer has any interest in the suit. On the question of the right of action of plaintiff, it has heretofore been explicitlyheld in Ayres v. Wyatt, La. App., 185 So. 84 at page 86; "Defendants are not concerned with and have no right to inquire into the transactions, between the insured and insurer *Page 926 
terminating in a settlement between them Whether the amount of such a settlement be great or small does not to any extent modify or affect the liability of the tortfeasor; and, notwithstanding such a settlement and the legal subrogation or equitable assignment superinduced thereby, the insured retains the right to sue for the full amount of damages involved, especially where, as is true in the present case, the amount of insurance paid does not equal the amount of damages sustained."
Again in the case of Clemons v. Southern Advance Bag and Paper Company, et al., La. App., 22 So.2d 68, the Court of Appeal of Louisiana for the Second Circuit cited with approval the ruling in Ayers v. Wyatt and held: "An automobile owner could sue in her own name to recover damages to her automobile in collision in which automobile was substantially destroyed, though insurer had paid her the value thereof less $50, under a $50 deductible policy, and though insured had given a written subrogation to insurer to extent of amount so received."
Thus the exception of no cause or right of action was properly overruled by the District Court.
The facts in this case reveal that on or about June 15, 1944 the plaintiff brought his 1940 Buick four-door sedan to the defendants' welding shop to have what is called a cross member welded. The testimony shows that plaintiff "brought the automobile there right at or just before 12 o'clock noon" and spoke to Jessie W. Lea, an employee of the defendant, who made these kind of repairs for the defendant. The employee stated to the plaintiff that he would do it as soon as he could eat lunch, and left the car at the rear of defendants' shop. However, the testimony shows that it was on the premises of the Becker Welding Shop, under the edge of the shed, when it was being welded and caught on fire.
[2] While there is some testimony by the defendants' employee that he did not intend to make any charge for this work, there is certainly no testimony that he informed the plaintiff of this fact before he did the job, and, also, there is some testimony that the employee returned from lunch about 12:30 and was therefore on his own time. The record also shows that the employee receives time and a half when he works during his hour off. The employee of the defendant testified that he was a good personal friend of the plaintiff and that, on a little job like that, he always did it provided the customer came in work hours and was a good customer. The plaintiff did not even remember the employee's name and testified that he was not a personal friend of his, that he just knew him. Be that as it may, there is nothing in the record to prove that this work was to be done gratuitously, and certainly we would not expect a bill to be presented after the car had been badly damaged by burning. We, therefore, see no reason to further discuss the effect of a gratuitous contract.
[3, 4] The testimony shows clearly that the employee allowed the electrode on the welding torch to come in contact with the gas tank, and, as a result, a hole was knocked in this tank and the car caught on fire. Mr. Bass, the owner of the Becker Welding Shop, in his testimony practically admits negligence on the part of his employee Lea in using the welding torch so near to the gas tank. He states: "If I had been there, I would not have let the boy weld the gas tank. I understand this piece is right under the back end."
The employee testifies that the rod he was welding was within four to six inches of the gas tank and that, when the electrode touched the tank, it split it open.
Certainly the testimony bears out plaintiff's contention that Lea, the employee of the defendant, was careless and negligent with the welding torch and thus set fire to the automobile.
In the case of Marine and Motor Insurance Company v. Cathey, 8 La. App. 240, it was held that: "One who has received an automobile for the purpose of repairing same was liable to the owner for any damage caused by his negligence."
Also, in the case of Gulf Ship Island R. R. Co. v. Sutter Motor Co., 12 La. App. 495, 126 So. 458, it was held: "Where automobile was left in defendant's garage in good condition and on next day found in garage in damaged condition, burden was on *Page 927 
defendant, as bailee for hire, to prove that cause of damage was neither his negligence nor negligence of employees."
[5] While plaintiff prayed for judgment for $435.10, the principal amount, the record shows that counsel for the defendants agreed to admit, in lieu of testimony, the affidavit of Mr. P.W. Lindsley of the Lindsley Motor Company as to the amount of work he had done on plaintiff's automobile and to show in the affidavit the amount of repair done as a direct result of the fire damage. This affidavit is in the record, showing repairs in the amount of $359.42 placed on plaintiff's automobile as a direct result of the fire. The trial court used this figure in awarding judgment for the plaintiff, and, we think, correctly so, as the amount sued for is based upon an estimate of the damages.
It is therefore ordered that the judgment of the District Court be affirmed, all at the cost of the defendants, Becker Welding Shop.
 *Page 33