TALIAFERRO, Judge
(dissenting).
I respectfully dissent from the majority opinion in this case and submit the following as my reasons therefor, to-wit:
As I view the case there is but one question involved, and that is whether the facts disclose lack of ordinary or reasonable care on the part of defendant, with respect to providing security for the safety of the whiskey.
The jurisprudence of this State and the statutes require of the warehouseman only ordinary and reasonable care in order to fulfill his obligation to those who deposit goods with him. Section 21 of Act 221 of 1908. See also: Austin v. Heath, 168 La. 605, 122 So. 865; Scott v. Sample, 148 La. 627, 87 So. 478; Livaudais v. Lee She Tung, 197 La. 844, 2 So.2d 232; Munson v. Blaise, La.App., 12 So.2d 623; Luke v. Security Storage & Van Company, Inc., La.App., 24 So.2d 692; Dugan et al. v. Central Storage & Transfer Company, La.App., 23 So.2d 634.
In the present case the warehouseman fastened the outside doors with heavy metal *769 hasps and correspondingly strong padlocks. Other warehousemen employed the same degree of safety to protect merchandise in their care. Of course, when jewelry, silverware and other like valuables, of small volume are stored, different means of safety are and should he employed.
I believe defendant did not fail in its duty by not having a strong inner room for the storing of whiskey. Had the provided room or stall been constructed of heavier material, does it not seem reasonable to assume that the burglars would have forced entrance thereto as they did the strong outer door? The fact that theretofore burglars entered this same .warehouse and broke open an iron safe therein and stole valuables therefrom argues convincingly that when once on the inside, no lock or fastening is beyond their power to force.
There is nothing in the record to support the contention that the theft of the'whiskey was an “inside job”. The legal situation would not be altered if we knew the burglars were employees of the defendant. The burglary was effected from the outside with considerable force. This was necessary to the success of the venture regardless of whether employees or strangers promoted it.