ELLIS, Judge.
This suit was instituted by Niagara Fire Insurance Company, insurer of two automobiles owned by Port Finance Company, Incorporated, against Herman Shuff and his insurer to recover damages in the amount of $1,731.36 for the total destruction of the two automobiles by fire. The fire occurred on February 1, 19S0 on the premises of Elton Motor Company, owned and operated by Herman Shuff, where the automobiles had been brought for repairs.
An exception of no cause or right of action was overruled and after trial on the merits judgment was rendered for the defendants and plaintiff has appealed.
It was stipulated by and between opposing counsel in the trial on the merits that the automobiles in question were totally destroyed in the fire; that Niagara Fire Insurance Company was a subrogee; that Minneapolis Fire and Marine Insurance Company had issued garage keepers’ legal liability endorsements to the Elton Motor Company, and that the damages amounted to $1,431.17. After the stipulations were made, plaintiff rested his case, relying on the doctrine of res ipsa loquitur.
The defendants introduced the testimony of two witnesses. Lloyd Joseph Darbonne, the first witness, was a brother-in-law of Herman Shuff and was working in a managerial capacity at Elton Motor Company on February 1, 1950, and testified substantially as follows: that no smoking was allowed in the body shop or the overhauling department; the building was constructed of tin over a wooden frame except for the oil storage building which had wooden siding; Darbonne was the last one to leave the shop on the afternoon of the fire and he checked the premises and locked the doors before he left, leaving one light in the show room burning. He left about 6:30 P.M. and about 7:00 P.M. was notified of the fire. He returned to the Elton Motor Company and saw that a fire had started in the attic and he could do nothing without a mask. Darbonne testified that the building had been rewired about a year before the fire and that the wiring seemed to be in excellent condition.
*326 The second witness called by the defendant was Jack Gordon Jenkins, a member of the Elton Volunteer Fire Department, who lived a block and a half from the motor company, and was one of the first to arrive on the scene. There was apparently a small fire burning in the attic when he arrived, and with the aid of an unidentified bystander he took a fire extinguisher from the wall and emptied the contents on the fire.
The tidal judge in his written opinion relied greatly on Wex Malone’s Article “Res Ipsa Loquitur and Proof by Inference,” 4 L.L.R. 70, 80-81, which contained the following concise statement of the law on this subject and with which we thoroughly agree:
“Where bailed goods, for example, are destroyed by a general fire of unexplained origin on the bailee’s premises, no inference of negligence arises despite the unusualness of the occurrence and the fact that the bailee is commonly regarded as being in exclusive possession and control of both the premises and the goods. The fact remains that the defendant’s situation with respect to the occurrence was not such as to exclude a large number of inferences as to the cause of the fire— all pointing away from responsibility on his part. The peril of fire from almost unlimited sources is too omnipresent to permit of such free conjecture.
“If it be shown, however, that the bailed property was an automobile in the defendant’s garage, and that it was destroyed by fire which originated at a time when the defendant or his employee was actively at work upon the car, and further, if it appears that the flame was restricted in area to the immediate vicinity of the vehicle itself— the doctrine might properly be applied. The narrow area of the conflagration excludes many inferences which otherwise would present themselves, and the defendant’s close physical relationship to the vehicle serves to subordinate still other explanations as to how the fire might have arisen. In short, the requirement of physical control by the defendant appears to mean no more than that the defendant’s situation with respect to the accident must be such as to leave little room for competing inferences with respect to the cause of the mishap.”
Plaintiff urges the application of the doctrine of res ipsa loquitur and contends that the defendants failed completely to go “forward with the evidence in this case where the application of the doctrine of res ipsa loquitur is required by law and all standards of justice and equity.”
The plaintiff contends that the defendants should have been in the position to supply the trial court with much more information about the fire than they did considering the number of witnesses that were available. They cite the case of Wood v. Becker Welding Shop, La.App., 34 So.2d 924, 926, and admit that no specific mention was made of the doctrine but they contend that the following language indicates that the doctrine of res ipsa loquitur was actually applied:
“Also, in the case of Gulf & Ship Island R. Co. v. Sutter Motor Company, 12 La.App. 495, 126 So. 458, it was held: ‘Where automobile was left in defendant’s garage in good condition and on next day found in garage in damaged condition, burden was on defendant, as bailee for hire, to prove that cause of damage was neither his negligence nor negligence of employees.’ ”
It is evident that the cited case is entirely different from the case at bar. The facts as presented in the Wood case, supra, are similar to those in the cases of Royal Insurance Co., Ltd., of Liverpool, England v. Collard Motors, La.App., 179 So. 108; Jones v. Shell Petroleum Corporation, 185 La. 1067, 171 So. 447; Scott v. Sample, 148 La. 627, 87 So. 478; Austin v. Heath, 168 *327 La. 605, 122 So. 865; Luke v. Security Storage & Van Co., La.App., 24 So.2d 692, Leigh v. Johnson-Evans Motors, La.App., 75 So.2d 710. In these cases a single vehicle was destroyed or damaged while under the control of the bailee and, in fact, the vehicle was being worked on by the bailee. In none of the cases where the doctrine of res ipsa loquitur was applied was there a fire which destroyed not only one vehicle but the entire establishment in which the vehicle was located.
Similar to the cases on a limited fire is the case of Hartford Fire Insurance Company v. Doll, 5 La.App. 226, which was also relied upon by the plaintiff. This case involved the theft of plaintiff’s car from defendant’s parking lot.
Since the doctrine of res ipsa loquitur is not applicable in the case at bar, there is no merit in plaintiff’s contention that the defendants failed to make any showing whatsoever regarding the occurrence of the fire and that defendants failed to rebut .the presumption or inference of negligence arising from the doctrine.
Plaintiff also' relied on the case of Poydras Fruit Company, Inc., v. Weinberger Banana Company, Inc., 189 La. 940, 181 So. 452, 455 which involved the destruction of a ship by fire following an explosion, and quotes the following language from that case: ,
“A bailee who fails to return the property according to the contract of bailment is liable to the bailor for the value of the property unless the bailee shows that the property was lost or destroyed without fault or negligence’ on his part. Nicholls v. Roland, 11 Mart.,O.S., 190; Ford v. Simmons, 13 La.Ann. 397; Schwartz, Kauffman & Co. v. Baer, 21 La.Ann. 601; Thomas v. Darden, 22 La.Ann. 413. But, when the bailee shows that the property was destroyed by fire, and there is nothing in the showing made by the bailee to indicate that there wás'fault or negligence on his part, the burden of proof rests upon the bailor to show that there was fault or negligence on the part of the bailee. McCullom v. Porter, Thomas & Foley, 17 La.Ann, 89; Gibbons v. Yazoo & M. V. R. Co., 130 La. 671, 58 So. 505; Scott v. Sample, 148 La. 627, 87 So. 478; Austin v. Heath, 168 La. 605, 122 So. 865; Cau v. Texas & Pacific Ry. Co., 194 U.S. 427, 24 S.Ct. 663, 48 L.Ed. 1053.”
A careful reading of this quotation reveals that no mention of the doctrine of res ipsa loquitur was made but, to the contrary, it expresses, a theory which supports defendant’s contentions.
The plaintiff cited the case of Davis v. Teche Lines, 200 La. 1, 7 So.2d 365, 367, iff support of his contention that the defendants should have shown all the facts surrounding the fire known to them, and quotes the following:
"It appears that this employee willingly and freely gave all the information in his possession as to, the manner in which and where the fire originated.”
Obviously the testimony of one employee would not have exhausted the defendant’s’ "available witnesses in a case where the fire destroyed a bus, bus station, and the plaintiff’s adjoining building.
The case of Luke v. Security Storage & Van Co., La.App., 24 So.2d 692, 693, was cited by plaintiffs as authority for the proposition that the defendants have not fulfilled their duty as bailee until they have shown all facts of which they have' or should have control. Upon examining the language relied upon in that case to support this proposition, it is apparent that the theory of the Collard case, supra, which has already been distinguished from the case at bar, has been re-stated. The doctrine o’f res ipsa loquitur was not mentioned in the Luke case, supra, and the court took the ■ following -'position: ■
*328 “We know of no rule of law in this State which requires that a bailee for hire, in order to escape liability for loss by fire of goods entrusted to it, must show exactly how the fire originated. All that is required is that the bailee must show that it was free of negligence ; that it did all that a reasonably prudent person would have done in looking after the goods entrusted to it.”
In the case of Bush v. Bookter, La.App., 47 So.2d 77, which was a suit for damages to plaintiffs hair and scalp caused by the application of a hairdressing solution, the doctrine of res ipsa loquitur was applied. Plaintiff has cited this case in support of his contentions but the fact situation presented in that case is far removed from those in the case at bar and the holding in that case is totally unrelated to the one at bar.
For the reasons set forth above the judgment appealed from is hereby affirmed.