265 N.J. Super. 436 (1992)
627 A.2d 701
SALLY J. BERRIOS, PLAINTIFF,
v.
UNITED PARCEL SERVICE AND SPECTRA GUARD, DEFENDANTS.
Superior Court of New Jersey, Law Division Camden County, Special Civil Part.
Decided April 16, 1992.
*440 Sally J. Berrios, pro se.
Lori S. Cozen, for defendants (Schnader, Harrison, Segal & Lewis, attorneys).
VOGELSON, J.S.C.
This is an action brought by plaintiff Sally Berrios to recover damages allegedly sustained to her automobile while parked in defendant's parking lot. Plaintiff, an employee of defendant United Parcel Service at its facility in Lawnside, New Jersey, alleged that on February 3, 1992 her car was vandalized on defendant's employee parking lot by an unknown third party. Plaintiff claims $307.42 as the amount of damage to her automobile. Plaintiff contends that defendant was negligent in failing to use reasonable care in attempting to prevent the vandalism to her automobile. Plaintiff offered evidence at trial that defendant had been put on notice of prior criminal acts on defendant's parking lot. Plaintiff therefore concludes that defendant is liable to plaintiff for damages to her automobile. Defendant contends that it owes plaintiff no duty to prevent the criminal acts of a third party under the circumstances of this case. Further, even if any duty did flow from defendant to plaintiff, defendant used reasonable care under the circumstances, and in any event, defendant should be exculpated from liability to plaintiff because of a sign that was posted at *441 the entrance of its employee parking lot. At trial, defendant offered evidence that, prior to the incident it had posted a sign at the entrance to the employee parking lot stating that defendant will not be liable for any damage to or theft of vehicles or their contents.
The court must consider whether defendant employer owed plaintiff employee any duty to use reasonable care to prevent the criminal acts of an unidentified third party from vandalizing plaintiff's automobile while it was parked in defendant's employee parking lot. If defendant owed plaintiff a duty did defendant fulfill its duty to plaintiff. Furthermore, did the sign posted by defendant exculpate defendant from liability to plaintiff.

I.
In New Jersey, the nature of a duty of an owner or occupier of land to those on the premises depends upon the legal status of the plaintiff in regard to the property  that is, trespasser, licensee or invitee. Benedict v. Podwats, 109 N.J. Super. 402, 263 A.2d 486 (App.Div. 1970), aff'd 57 N.J. 219, 271 A.2d 417 (1970); William v. Morristown Memorial Hospital, 59 N.J. Super. 384, 157 A.2d 840 (App.Div. 1960). In regard to liability for negligence of an owner or occupier of land to those who enter the owner's premises, those who come by invitation, express or implied, are invitees, those who are not invited but whose presence is suffered are licensees and those who are neither invited nor suffered are trespassers. Snyder v. I. Jay Realty Co., 30 N.J. 303, 153 A.2d 1 (1959). In the case at bar, the court finds that plaintiff is an invitee. A person who enters a premises to perform work for the owner or occupant obtains the status of an invitee, to whom a duty of reasonable care is owed. 65 C.J.S. Negligence, § 63 at 112. The duty of care owed by an occupier of land to his invitee is to use reasonable care to render the premises reasonably safe for the purposes embraced in the invitation. Bozzo v. Vornado, Inc., 42 N.J. 355, 200 A.2d 777 (1964); Handleman v. Cox, 39 N.J. 95, 187 A.2d 708 (1963); see Restatement (Second) of Torts § 313A. The *442 duty owed to an invitee includes the duty to make reasonable inspection to discover defective conditions. Handleman, supra; Benedict, supra. Therefore, an occupier of land must take such steps as are reasonable and prudent to correct or give warning of hazardous or defective conditions which are actually known to him and of hazardous conditions or defects which he, by the exercise of reasonable care, should discover. Where a warning is given, the warning must render the premises reasonably safe to fulfill the duty owed to the invitee. The test to determine whether a person was negligent under the circumstances is whether the reasonably prudent person at that time and place should have recognized and foreseen an unreasonable risk or likelihood of harm or danger to others. Rappaport v. Nichols, 31 N.J. 188, 156 A.2d 1 (1959). If the reasonably prudent person could foresee danger resulting from another's voluntary criminal acts, the fact that the other's actions are beyond defendant's control does not preclude liability. Butler v. Acme Markets, Inc., 89 N.J. 270, 445 A.2d 1141 (1982); Trentacost v. Brussel, 82 N.J. 214, 412 A.2d 436 (1980); Hill v. Yaskin, 75 N.J. 139, 380 A.2d 1107 (1977). Foreseeability of the risk that criminal acts of others would cause harm is the crucial factor. Butler, supra; McGlynn v. Newark Parking Authority, 86 N.J. 551, 432 A.2d 99 (1981); see Restatement (Second) of Torts §§ 302B, 448. Whether a garage operator is under a duty to take reasonable steps to prevent harm to the vehicles parked in his garage and to their contents depends, in large part, upon whether the risk of harm is reasonably foreseeable. McGlynn, supra; see Hill, supra.
Defense counsel asserts that defendant is not a commercial parking lot operator and, as such, had no duty to use reasonable care to protect plaintiff's automobile. With this contention the court must disagree. The court can see no significant difference between a parking garage operator that charges a fee in an effort to make a profit and an employer who is providing parking, albeit free of charge, to its employees in an effort to make a profit in the employer's chosen field of endeavor. Without *443 its employee parking lot, defendant would have a great deal of difficulty operating its facility in Lawnside in the same or a similar manner as it is now accustomed. The testimony at trial was that defendant has approximately 1,000 employees at its facility in Lawnside, and of those, approximately 950 drive to work. The court takes judicial notice of the fact that there is insufficient on-street parking. Further, the highspeed line is approximately 1,000 yards away. The court finds that the rationale of McGlynn is equally applicable here. In comparison with an employee parker, the employer parking lot owner is better situated to protect a parked car and to distribute the costs of protection. Under the circumstances of this case, the court holds that defendant had a duty to use reasonable care to protect its employees' automobiles and their contents from foreseeable criminal acts of third parties.
In the instant case, the court finds that the defendant has failed to use reasonable care in attempting to prevent the damage to plaintiff's automobile. Defendant admitted at trial of being aware of at least two prior incidents involving vandalism and theft of their employees' automobiles. One of these incidents involved the vandalism of twenty-two automobiles in one day. Evidence was introduced at trial that there were at least five other prior incidents which involved either vandalism or theft of automobiles parked on defendant's employee parking lot. There was testimony adduced at trial that if any police report were to be filed with the Lawnside Police Department, defendant would have been aware of such a report. There is no question that defendant was on notice of prior criminal acts and, therefore, had a duty to the plaintiff to use reasonable care to protect plaintiff from any further foreseeable criminal acts. There was testimony that defendant had its employees patrol the employee parking lot about once an hour. The court finds that this is not, in and of itself, reasonable in light of the prior criminal acts that have transpired on defendant's employee parking lot. The court notes that defendant has installed fencing around and has security guards continuously *444 monitoring defendant's own cars, trucks and buildings which are immediately adjacent to the parking lot in question. Yet, defendant has not afforded the same protection to secure the safety of its employees and the employees' automobiles while on defendant's employee parking lot. The court finds this failure to be unreasonable and negligent.

II.
The only further question that must be addressed is whether defendant's posting of a sign in defendant's employee parking lot, indicating that defendant will not be liable for any damage to or theft of vehicles or their contents, had any effect on the duty defendant owed to plaintiff. The court finds that this sign was ineffective in either warning defendant so as to make the parking lot reasonably safe or in exculpating defendant from any liability to plaintiff.
In New Jersey, parties to a contract may agree to limit their liability as long as the limitation is not violative of public policy. Mayfair Fabrics v. Henley, 48 N.J. 483, 226 A.2d 602 (1967), on remand, 97 N.J. Super. 116, 234 A.2d 503 (Law Div. 1967), aff'd, Natell v. Henley, 103 N.J. Super. 161, 246 A.2d 749 (App.Div. 1968). Where a party to a private agreement is under a public duty entailing the exercise of care, he may not relieve himself of liability for negligence through an exculpatory clause. Id. Where there is unequal bargaining power between parties to an agreement, public interest may require rejection of exculpatory clauses exacted by dominant party. Id.; see Moreira Const. Co. v. Moretrench Corp., 97 N.J. Super. 391, 235 A.2d 211 (App.Div. 1967), aff'd, 51 N.J. 405, 241 A.2d 236 (1968). The law does not favor contracts exempting persons from liability for their own negligence, as it induces a want of care. Kuzmiak v. Brookchester, Inc., 33 N.J. Super. 575, 111 A.2d 425 (App.Div. 1955).
Whether parking lot owners can exempt themselves from liability for their own negligence appears to be an issue of first impression in this State. Although parking lot or garage proprietors *445 frequently include an exculpatory clause on the vehicle claim ticket or post a disclaimer of liability on signs, the majority of jurisdictions that have addressed this issue have held such limitations of liability to be ineffective, where the motorist had not been aware of the liability limitation. see Kravitz v. Parking Service Co., 29 Ala.App. 523, 199 So. 727 (Ct.App. 1940); California State Auto Asso. Inter-Insurance Bureau v. Barrett Garages, Inc., 257 Cal. App.2d 71, 64 Cal. Rptr. 699 (1st Dist. 1967); Gulf & S.I.R. Co. v. Sutter Motor Co., 12 La. App. 495, 126 So. 458 (Ct.App. 1930); Sandler v. Commonwealth Station Co., 307 Mass. 470, 30 N.E.2d 389 (Sup.Ct. 1940); Hoel v. Flour City Fuel & Transfer Co., 144 Minn. 280, 175 N.W. 300 (Sup.Ct. 1919); Nuell v. Forty-North Corp., 358 S.W.2d 70 (Mo. Ct. App. 1962); Rhodes v. Pioneer Parking Lot, Inc., 501 S.W.2d 569 (Tenn.Sup.Ct. 1973); Ablon v. Hawker, 200 S.W.2d 265 (Tex.Circ.App. 1947). Moreover, many courts have held such limitations of liability to be ineffective, regardless of the motorist's knowledge thereof. see Malone v. Santora, 135 Conn. 286, 64 A.2d 51 (Sup.Ct. 1949); Davidson v. Ramsby, 133 Ga. App. 128, 210 S.E.2d 245 (Ct.App. 1974); Weinberger v. Werremeyer, 224 Ill. App. 217 (Ct.App. 1922); System Auto Parks & Garages, Inc. v. American Economy Ins. Co., 411 N.E.2d 163 (Ind. Ct. App. 1980); Parkrite Auto Park, Inc. v. Badgett, 242 S.W.2d 630 (Ky.Sup.Ct. 1951); Makower v. Kinney System, 65 Misc.2d 808, 318 N.Y.S.2d 515 (1970); Jersey Ins. Co. v. Syndicate Parking, Inc., 50 Ohio L.Abs. 329, 78 N.E.2d 692 (Ct.App. 1948); Atkins v. Racquet Garage Corp., 177 Pa.Super. 94, 110 A.2d 767 (1955); Downs v. Sley System Garages, 129 Pa.Super. 68, 194 A. 772 (1937); Althoff v. System Garages, Inc., 59 Wash.2d 860, 371 P.2d 48 (Sup.Ct. 1962).
In the case at bar, plaintiff testified that she was unaware of any sign which purported to limit liability of defendant. The court finds as a matter of fact that plaintiff had no knowledge that defendant had posted a sign limiting its liability. Therefore, it cannot be said that plaintiff had contracted away her right to hold *446 defendant liable for any damages her automobile sustained as a result of defendant's negligence.[1]
Accordingly, judgment will enter in favor of plaintiff and against defendant, United Parcel Service in the amount of $307.42. The complaint is dismissed as to Spectra Guard, as plaintiff failed to demonstrate any legal responsibility attaching to that defendant for the loss plaintiff sustained.
NOTES
[1] Although it is not necessary to reach this issue, this court would hold that even if plaintiff were aware of defendant's attempt to exculpate itself from liability, such an agreement would be null and void as a matter of public policy. This is so because of the duty defendant owed to plaintiff and the unequal bargaining power between the parties.