627 A.2d 665

SALLY BERRIOS, PLAINTIFF–RESPONDENT, v. UNITED PARCEL SERVICE, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted May 25, 1993—Decided June 11, 1993.

Before Judges PRESSLER and MUIR, Jr.

*Schnader, Harrison, Segal & Lewis*, attorneys for appellant (*Lori S. Cozen*, on the brief).

Respondent did not file a brief.

PER CURIAM.

The judgment appealed from is affirmed substantially for the reasons stated by the trial court in its written opinion reported at 265 *N.J.Super.* 436, 627 *A.*2d 701 (Special Civil Part 1992).

We add only the following observation. With respect to plaintiff's status in respect of the property, we agree with the trial judge that she was an invitee. An employer's provision of a parking area for its employees is a matter of mutual benefit to both. *See, e.g., Mikkelsen v. N.L. Industries,* 72 *N.J.* 209, 370 *A.*2d 5 (1977). Hence an employee using the lot has at least the status of a business invitee to whom the employer-landowner owes the duty of reasonable care in the maintaining of those premises in a safe and secure condition. *See, e.g., Reiter v. Max Marx Color & Chemical Co.,* 42 *N.J.* 352, 200 *A.*2d 616 (1964); *Port Authority of New York and New Jersey v. Honeywell Protective Services, Honeywell Inc.,* 222 *N.J.Super.* 11, 535 *A.*2d 974 (App.Div.1987);

*Russell v. Merck & Co., Inc.,* 211 *N.J.Super.* 413, 511 *A.*2d 1247 (App.Div.1986); *Sanna v. National Sponge Co.,* 209 *N.J.Super.* 60, 506 *A.*2d 1258 (App.Div.1986). It is also well settled that that duty encompasses reasonable measures to protect business invitees from a foreseeable risk of the criminal acts of others. *Butler v. Acme Markets, Inc.,* 89 *N.J.* 270, 276, 445 *A.*2d 1141 (1982).

Beyond that, our courts expressly impose upon commercial parking lot and garage operators the duty to take reasonable steps to protect parked vehicles from criminal acts of others. *McGlynn v. Newark Parking Authority,* 86 *N.J.* 551, 432 *A.*2d 99 (1981). Defendant argues that the *McGlynn* rule should not apply to it because it is not in the business of operating a commercial parking lot. This argument misses the point. It is not the availability of the parking lot to the general public or whether a fee is charged which is dispositive, but whether there is a relationship between the parking lot owner and the person using the lot which imposes the duty of care. If the use of the lot advances the owner's business interests, as employee parking surely does, then the duty clearly exists.

Affirmed.