791 A.2d 224

DELZON L. KINGETT AND JANE KINGETT, PLAINTIFFS–
APPELLANTS, v. THOMAS L. MILLER, ESQ.,
DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 24, 2002—Decided February 6, 2002.

Before Judges NEWMAN, FALL and AXELRAD.

*Alex R. DeSevo*, argued the cause for appellant (*Levinson Axelrod*, attorneys; *James J. Dunn*, on the brief).

*Stephen G. Sweet*, argued the cause for respondent (*Sweet, Pasquarelli & Wiebalk*, attorneys; *Mr. Sweet*, on the brief).

The opinion of the Court was delivered by

AXELRAD, J.T.C. (temporarily assigned).

In this business invitee slip-and-fall case, plaintiffs, Delzon L. Kingett and Jane Kingett, appeal from an order granting summary judgment in favor of defendant, Thomas L. Miller, Esquire, dismissing their complaint.

Plaintiffs, Delzon Kingett, a sixty-five year old man and his wife Jane went to defendant's law office to execute their wills. They entered the office through the front door. As it was raining heavily that day, Mr. Kingett asked the receptionist if he and his wife could exit through the side door because it was closer to where his car was parked. The receptionist replied, "Okay, but be careful." Mr. Kingett quipped, "if I fall, I'll sue." As he stepped

onto the stairs, he noticed they were steep with narrow treads and there were no handrails. He turned to warn his wife who was right behind him, lost his balance, slipped, fell and severely injured himself.

The motion judge granted summary judgment in favor of defendant, stating, in pertinent part:

> The question is what's the duty of the defendant to this plaintiff.
>
> . . . .
>
> The duty that is owed to this plaintiff by this defendant is a duty to exercise reasonable care, to make the premises reasonably safe, or give warning of a dangerous condition.
>
> There is absolutely no question but that the receptionist, in turning to the gentleman and saying, "okay, but be careful," discharges the duty to give a warning.
>
> It's a perfectly adequate warning. There is . . . nothing in the record to support the suggestion that's made . . . that the verbal warning isn't good enough, that we needed a sign or a flag or, you know, somebody helping the gentleman down the step.
>
> Certainly, on this record, there's simply no issue for the jury to try. Even if . . . the stairs are dangerous, which is only admitted for the purposes of the motion, turning and saying to the gentleman, "okay, but be careful," is a sufficient warning [of a dangerous condition].

On appeal, plaintiffs assert that the motion judge erred when she ruled that, as a matter of law, defendant discharged his duty to plaintiffs with the simple warning, "be careful." We agree and conclude that under these circumstances, whether the warning is adequate to discharge the duty owed by defendant to his business invitees is a jury question.

■ A landowner's duty to a business invitee to exercise reasonable care in guarding against a dangerous condition may be satisfied by either correcting the condition, or, in those circumstances where it is reasonable to do so, by giving warning to the invitee of the unsafe condition. *Berrios v. United Parcel Serv.,* 265 *N.J.Super.* 436, 442, 627 *A.2d* 701 (Law Div. 1992), *aff'd,* 265 *N.J.Super.* 368, 627 *A.2d* 665 (App.Div.1993).

■ Defendant stated in his deposition that he was aware the side stairs were "difficult;" had conversations with his partner

about replacing them "because they were narrow and [had no] handrails," but chose not to; and had an unwritten policy in his office to discourage use of the side stairs or to warn his clients to be careful when using the side stairs. He also testified in depositions that there had been signs in the past telling clients to use the front door and, on occasion, he escorted elderly clients through the front door. Additionally, according to plaintiffs' brief, their liability expert, William Poznak, submitted a report in which he stated that the construction and maintenance of the stairway was contrary to several guidelines and rules for stair safety, and as a result, caused the plaintiff to fall.

There may be a legitimate issue as to whether plaintiffs should have been permitted to leave by the side entrance at all, given the dangerous condition of the stairs. Moreover, the receptionist's "be careful" comment must be, in the context of all the competent evidential materials presented, viewed in the light most favorable to plaintiffs, the non-moving parties. *R.* 4:46–2. The warning did not, at least on its face, impart knowledge that the staircase was or could be dangerous. Whether this warning was adequate to meet the duty owed to the invitees is a question of fact, which should have been presented to a jury. *Monheit v. Rottenberg,* 295 *N.J.Super.* 320, 323, 685 *A.*2d 32 (App.Div.1996). A reasonable jury could find that the warning alerted plaintiffs to the fact that the stairs may be slippery because it was raining, but did not disclose that the stairs were steep, narrow and had no handrail. Moreover, even if a reasonable fact finder could have found that Mr. Kingett was comparatively negligent, it is the function of the jury to determine the percentages of fault attributed to each party.

Reversed and remanded for trial.