# The Safe Deposit Company of Pittsburgh *versus* Pollock.

A safe deposit company contracted with a depositor to "keep a constant and adequate guard over and upon the safe" rented by him. A number of bonds deposited therein were found to be missing: *Held*, that the company was bound to make some explanation for the absence of the bonds. *Held, further*, that the question whether the company was guilty of negligence was properly left to the jury.

November 3d 1877. Before AGNEW, C. J., SHARSWOOD, MER-CUR, GORDON, WOODWARD and STERRETT, JJ. PAXSON, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county*: Of October and November Term 1877, No. 194.

Case by A. M. Pollock, against the Safe Deposit Company of Pittsburgh, to recover the value of four United States bonds, which plaintiff alleged were lost through the negligence of defendant.

The facts are fully stated in the opinion of the court.

At the trial, before Collier, J., the defendant requested the court to charge the jury ["that the burthen of proving the negligence, which the plaintiff charges against the defendant, is upon the plaintiff]; and the evidence, that upon January 27th 1875, the plaintiff, upon unlocking the safe, rented and used by him in the burglar-proof vault of the defendant, and examining its contents, discovered that part of his bonds were missing therefrom, does not of itself establish such negligence in the defendant, although the defendant is unable to account for the alleged loss or how it happened."

The court answered; "The part in brackets is affirmed, the rest is refused."

In their general charge the court said:—

"The defendant can only be held liable for want of ordinary care, and if you think, from all the evidence in the case, that the defendant exercised such care as ordinarily vigilant, prudent people would exercise under the same or similar circumstances about their own affairs, then they have done all the law required under the contract in this case; but they are bound to do that. They were bound to use, in the language of the law, ordinary care and diligence; and that is such care, diligence and vigilance as ordinarily careful and prudent persons would exercise in their own concerns in similar circumstances. You must remember the public character of this institution, what it pretends to do, what it offers to do, what its responsibilities were under its contract.

["So, we instruct you, first, that if you believe that the bonds were not in the box; that the doctor is honestly mistaken; that he might have dropped them on the counter when he was examining them, or carried them away and forgotten them, or in any other way they were kept out of the box, then the plaintiff is not entitled

to recover.   But if the bonds were in the box, as alleged; if the doctor is not mistaken; if the bonds were in the box, and they were missing under the circumstances as detailed by the plaintiff, he had a right then to call on the defendant for an explanation."]

The verdict was for the plaintiff for $4154.12, and after judgment the defendant took this writ, assigning for error, inter alia, the answer to the foregoing point, and the portions of the charge above noted in brackets.

*M. W. Acheson* and *J. S. & A. P. Morrison*, for plaintiff in error.——The defendant was not, properly speaking, a depositary. The plaintiff's bonds were not delivered to or received by the company's employees or agents.   The defendant never had actual possession of the bonds.   Therefore it was error to charge that the plaintiff had a right to call upon the defendant for an explanation of how the loss occurred.

Evidence that the goods are missing, that they are not on hand when called for, does not of itself establish negligence in the bailee : Gilbart *v.* Dale, 5 Ad. & E. 543 ; Midland Railway Co. *v.* Bromley, 33 Eng. Law and Eq. 235 ; 17 C. B. 372 ; Harris *v.* Packwood, 3 Taunt. 267 ; Marsh *v.* Horne, 5 B. & C. 322, 327.

With certain exceptions as to innkeepers and common carriers, the burden of proof of negligence is on the bailor, and proof merely of the loss is not sufficient to put the bailee on his defence : Farnham *v.* Camden & Amboy Railroad Co., 5 P. F. Smith 53.   The case of Finucane *v.* Small, 1 Esp. R. 315, is analogous to this case.

*Thomas M. Marshall, John H. Baily* and *Christopher Magee*, for defendant in error.——No express contract was shown in the case of Finucane *v.* Small, cited by the plaintiff in error.

The question of negligence was properly left to the jury.

Mr. Justice MERCUR delivered the opinion of the court, January 7th 1878.

This action was brought against the plaintiff in error to recover for the loss of some government bonds.  Its general business is indicated by its name.   It took two classes of risks; in one class it became the absolute guarantor of the safety of the deposit; in the other its liability was qualified and restricted.   The present case arose under the latter class.   The defendant in error rented a safe in the burglar-proof vault of the company, subject, inter alia, to the following rules and regulations :

" Whenever a party rents a safe, and deposits therein at pleasure, contents not being made known to the company, its liability is limited.   ,

[Safe Deposit Co. *v.* Pollock.]

" 1. To the keeping of a constant and adequate guard and watch over and upon the burglar-proof safe.

" 2. To the prevention of access by any renter to the safe of any other renter.

" 3. To the protection of safes and contents from any dishonesty on the part of any of the company's employees."

He renewed the lease annually several times and paid the required rent. The safe is closed by an iron door, to which a lock is attached. The valuables are placed in a tin box, made to fit into the safe like a drawer. In this box and safe he placed several thousand dollars in government bonds, and had the exclusive possession of the keys to the safe.

As the interest fell due on the bonds, he took them out, cut the coupons therefrom, and replaced them in the safe and locked it again. Finally, on taking out the envelope containing the bonds, for the same purpose, he discovered that four bonds, two of $1000 each, and two of $500 each, had disappeared therefrom. The jury have found that he put them in the safe and did not remove them therefrom.

There was no evidence that the vault or the safe had been broken nor that the lock had been tampered with. These facts being unquestioned, and the bonds having been taken from the safe, it necessarily follows that it had been opened with a key suited to the lock. In order to get access to the safe a person would be obliged to step into the vault. If he entered during business hours one key would enable him to procure the bonds. If at other hours it would require two keys to reach them from the office. The fact that the bonds were taken under these circumstances, was certainly some evidence that the company had not kept " a constant and adequate guard and watch over and upon the safe," as by its agreement it was bound to do. It further agreed to prevent the access of any other renter to the safe of the defendant in error, and to protect his safe, and its contents from any dishonesty of the company's employees. If any third persons were given access to the vault under circumstances that would have enabled them to unlock the safe and remove the bonds, and they had so done, although a contingency not provided for in the agreement, yet it cannot be pretended that it would not be evidence of a want of ordinary care. So if the bonds were purloined by either renter or employee it was certainly evidence to go to the jury of an omission on the part of the company to exercise that ordinary care and vigilance which men ordinarily exercise and ought to exercise under such circumstances in the protection of their own property. The vault and the safe were in the possession and under the protection of the company. The manner in which the bonds were most probably taken, shifted the burden of proof. It threw upon the company the necessity of making some explanation to rebut its prima facie negligence. The case is not like Finucane

*v.* Small, 1 Espinasse's Rep. 315, in which there was no express agreement as to the care to be exercised.    Nor is it like Farnham *v.* Camden and Amboy Railroad Co., 5 P. F. Smith 53, where it was held that proof merely of loss was not sufficient to put the bailee on his defence.    The evidence in the present case of the defendant in error did not stop with merely showing the loss.    It showed the bonds had been abstracted by some one entering the vault, and opening the safe by means of a key.    The presumption of want of ordinary care was thereby created.    All the evidence calculated to rebut that presumption was fairly left to the jury by the learned judge.

The other assignments have no merit, and were not urged in the argument.          .          Judgment affirmed.