## Sign Animation Corporation *v.* Wilkie Buick Company, Appellant.

Argued October 12, 1936.

Before KELLER,
P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER,
JAMES and RHODES, JJ.

*Horace Michener Schell,* for appellant.

*Maurice W. Sporkin,* for appellee.

OPINION BY BALDRIGE, J., December 11, 1936:

This action of assumpsit was tried in the municipal court before GABLE, J., without a jury. The plaintiff obtained judgment, and defendant appealed.

On July 17, 1933, plaintiff's automobile was taken to the shop of the defendant company for the purpose of having repairs made. An official of the company executed a repair order containing the provision that the defendant assumed no responsibility for loss or damage by theft or fire to vehicles placed with it for storage, sale or repair.

The appellant argues (1) that a bailee can limit his liability against loss due to theft as a result of his own negligence; and (2) that the burden was on the plaintiff to prove affirmatively the defendant's negligence.

This appeal was argued with *Wendt v. Sley System*

*Garages,* 124 Pa. Superior Ct. 224, in which case an opinion was filed this day, wherein we discussed these legal propositions, and decided that a bailee cannot limit his liability for his own negligence and that if the bailor proves the bailment and his loss, it is the duty of the bailee then to go forward and show that he used proper care over the bailed property, in the absence of which proof the bailor is entitled to judgment. We do not feel called upon to repeat or enlarge upon what we there said.

There remains for consideration whether the court should have decided as a matter of law that the appellant was not liable.

It appears from the testimony that about 7 o'clock p. m., July 19, 1933, a man went to the service station of the defendant and asked for an automobile and was directed by the watchman to get an order from the owner. A few minutes later he returned and was again refused the car. While the watchman and the only other attendant on the floor went into the office of the service station, plaintiff's car, which was parked at the farther of the two entrances from the office, was driven from defendant's garage by this man, who was found later that evening in possession of the car. It further appears that the service station was closed for repair work at 5 o'clock and that these open doors were unguarded up until the time of the theft.

Whether the appellant exercised due care in failing to close the sliding doors and to adequately safeguard the cars placed in its keeping were questions of fact for the judge sitting as a jury. The court would not have been warranted in holding, as a matter of law, that appellant exercised such care as the circumstances required.

Judgment is affirmed.