Downs *v.* Sley System Garages, Appellant.

Argued September 30, 1937.

Before KELLER, P. J., CUNNINGHAM, BALD-RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Alma H. Arnold,* with her *Arthur S. Arnold,* for appellant.

*David F. Maxwell,* with him *Edmonds, Obermayer & Rebmann,* for appellee.

OPINION BY BALDRIGE, J., November 10, 1937:

The appellant in this case maintains an unfenced automobile parking lot in Philadelphia, extending

from Locust street to Chancellor street and accessible from either street. It has a capacity of 75 cars and in the middle thereof is a small structure where an attendant is stationed.

In the evening of February 19, 1934, the plaintiff's son drove her car on this lot, delivered it with the key in the ignition to the only employee in attendance, to be placed in an appropriate place, paid a fee of 35 cents, and received a check, which stated, "Not responsible for fire or theft." About 8:30 p. m. the car was stolen and has not been recovered. Suit was brought for the value of the car, and resulted in a verdict in favor of plaintiff.

In this appeal that followed, the appellant contends that the trial judge erred in refusing to instruct the jury: "Parties to a contract of bailment may substitute a special contract for one implied by law; and when this is done the express agreement determines the rights, liabilities and responsibilities of the parties arising from the bailment." This point was correctly refused. It, in effect, requested the judge to state that the appellant, as bailee, could, by contract, relieve itself of its own negligence.

*Wendt v. Sley System Garages,* 124 Pa. Superior Ct. 224, 188 A. 624, controls this case. There, the facts were very similar and the check was identical to the one given in the present case. We expressly held in that case that the terms of the check did not limit the appellant's liability against its own negligence, but that whatever construction was placed thereon, the well-recognized rule is that a bailee cannot relieve himself of a liability for his own negligence. See cases cited in that opinion.

The appellant further contends that there can be no recovery as there was a failure of proof of affirmative negligence.

As the bailee failed to return the bailed property, it was incumbent upon it to go forward and prove that

proper care was exercised over the bailed property. The plaintiff was not required to prove affirmative acts of negligence: *Sign Animation Corp v. Wilkie Buick Co.,* 124 Pa. Superior Ct. 234, 188 A. 628.

It was for the jury to consider all the circumstances, including the size of the lot, the easy access thereto by third persons, that but one employee located in the middle of the lot was in attendance, etc.; and to determine if reasonably adequate protection was afforded the bailor's property.

Judgment affirmed.