Opinion by
 

 Keller, P. J.,
 

 This is another case growing out of the destructive fire at the storage warehouse of the Miller North Broad Storage Company, referred to in
 
 Schell v. North Broad Storage Co.,
 
 142 Pa. Superior Ct. 293, 16 A. 2d 680. In the course of the argument in that case it was stated that some fifty or more actions had been brought against the company by persons who had stored their goods in said warehouse, and that it was important to determine the law governing those actions. In the Schell case the court below misunderstood the import of certain of our cases dealing with bailments, in the light of prior decisions of the Supreme Court and of this court, and improperly placed on the defendant company the burden of proving that the fire was
 
 not
 
 due to negligence on its part. This court reversed, setting forth the correct rule as established by the cases, in the following language of the opinion writer, Judge Parker (p. 301):
 

 “As we have heretofore shown when the bailor has proved a bailment, demand, and failure to deliver, it then becomes incumbent upon the bailee to go forward with proofs not necessarily showing that he used proper
 
 *410
 
 care in handling the bailment but merely showing ‘by clear and satisfactory proof that the goods were lost, and the manner they were lost.’ When the bailee has furnished such proofs satisfactory to the court and jury, and if such proofs do not disclose lack of due care on his part, then the bailor, if he would recover, must prove negligence on the part of the bailee and the bailee’s negligence becomes the vital issue.”
 

 We may add that where the plaintiff’s own case, whether by direct evidence or cross-examination, establishes that his goods were destroyed by a general fire in the bailee’s premises, which also destroyed or seriously damaged the building in which they were stored, the plaintiff, if he would recover, must go ahead and prove negligence on the part of the bailee in the care and keeping of the goods that contributed to the fire.
 

 We further held in that case that, under the evidence there presented, the defendant was entitled to a directed verdict, but as the plaintiff might have been misled by the attitude of the court and for that reason failed to present evidence of the defendant’s negligence alleged in the statement — which he asserted he was in a position to produce — and in view of the number of cases which would be ruled by it, on application of the plaintiff and after hearing and argument, we exercised the right given to us by section 8 of the Act of June 24, 1895, P. L. 212
 
 [1]
 
 , and awarded a new trial.
 

 In the present case, the plaintiff did not, in his statement, allege negligence on the part of the defendant, as the plaintiff in the Schell case had done. He simply averred delivery of certain goods and chattels to the defendant for the purpose of storage and safekeeping, the delivery to him by the latter of a storage receipt, plaintiff’s request for a return of his goods and chattels, and the answer of the defendant “that the return of the goods was impossible since they had been totally de
 
 *411
 
 stroyed by fire.” Tbe applicable principles of law were tbe same, however, as stated above.
 

 In tbe present case tbe trial judge, differing from tbe judge who tried tbe Schell case, correctly stated in bis charge to the jury tbe law applicable to tbe ease.
 

 He said, inter alia: “Tbe only question of fact which tbe Court submits to you is whether or not, as claimed by the defendant, there was a fire in tbe Miller North Broad Storage Building on June 21,1939 that destroyed tbe goods of tbe plaintiff, Frank L. Yeo. If your answer to this question is ‘No, there was no fire,’ then I direct your verdict should be for tbe plaintiff for tbe proper amount of damages be sustained. If, on tbe other band, you find as a fact that there was a fire and tbe goods of tbe plaintiff were destroyed, then your verdict must be for tbe defendant. As I view tbe law it is the duty of tbe plaintiff to establish to your satisfaction that tbe destruction of tbe goods brought .about by tbe fire resulted from tbe failure of tbe defendant company to exercise due care and diligence in tbe discharge of its duties. The defendant it is true did not produce any witnesses on tbe stand to offer testimony that there was a fire at tbe storage company; but that fact does not warrant your ignoring tbe testimony that is in this case and which is to be found primarily in tbe papers that will go out with you. Let us .see what these papers say. Under date of June 28, 1939 tbe defendant company in a letter signed by J. Wallace Fager, for the company, wrote to the plaintiff as follows: ‘to otjr depositors: We regret to advise you that goods stored with us were damaged or destroyed in a fire in our Broad Street Warehouse on Wednesday, June 21, 1939.’ Tbe rest of the letter is of less importance but you will consider it nevertheless. Tbe issue before you now is whether or not there is any factual proof of the fire itself. I say to you that tbe information I have just read to you, the statement of fact as made by a member of tbe company
 
 *412
 
 itself, is just as sufficient a declaration of fact as if made by a representative of tbe company in open court ...... On July lOtb, as appears by [Exhibit] D-5, the plaintiff wrote a letter to Mr. Miller of the storage company. You will read the letter and I will refer to part of it: ‘The goods were stored on the 5th and 6th floors and everything has been destroyed as I found out last Monday after making an inspection at your place.’ What does that mean to you? If your answer is ‘Yes’, then I direct you to return a verdict for the, defendant. If ‘No’, then you can go on and consider the damages and return a verdict for the plaintiff...... There is an agreement in this case in writing and the agreement provided that the bailee, which is the defendant, in this case, would not be responsible for loss of goods by fire. That does not mean anything standing by itself. I hold that under certain circumstances this defendant company would be responsible for loss by fire, ibut those circumstances are not in evidence in this case. The bailee, according to the terms and conditions of the contract, would be responsible for exercise of ordinary care and diligence. They are bound to exercise ordinary care and diligence under the contract, they are also bound by law independent of the contract. But the legal question here is upon whom rests the burden of proving that the defendant did not use ordinary care and diligence in the care of these goods. Does that fall upon the plaintiff or upon the defendant? Under the law as I know it, I hold that that responsibility and burden rests with the plaintiff. The plaintiff has offered no evidence of negligence on the part of the defendant, therefore if you find there was a fire and that fire destroyed the goods, in view of the failure of that evidence on the part of the plaintiff your verdict must be for the defendant......I submit to you one question of fact on the main question in the case, namely: whether a fire took place and whether it was the fire that destroyed these articles. If so, then
 
 *413
 
 your verdict must be for the defendant and you are not concerned with the value of the goods. On the other hand, if you find there was no fire then your verdict must be for the plaintiff. But you must not return a verdict for the plaintiff simply because you are sympathetic on account of his loss. You can not free yourselves by saying there was no fire when the facts show there was a fire, and simply find a verdict for the plaintiff; that you cannot do under your oath as jurors.”
 

 The jury returned a verdict for the plaintiff for $750, and interest. The court in banc refused defendant’s motions for judgment non obstante veredicto and a new trial and entered judgment on the verdict. Defendant appealed.
 

 As stated by the trial judge in his charge the plaintiff produced no evidence of any negligence on the part of the defendant which resulted in or contributed to the fire that destroyed the goods in defendant’s warehouse, even after the defendant had elicited by the cross-examination of the plaintiff the fact of a fire which had “charred” defendant’s building and left the goods on defendant’s fifth and sixth floors (where his own goods had been stored) a mass of ashes and dust. After evidence had been produced, whether by the cross-examination of the plaintiff or by witnesses on behalf of the defendant, which amounted to clear and satisfactory proof that the goods had been destroyed by a general fire which had seriously damaged the building in which they were stored, it was incumbent on the plaintiff, if he would recover, to proceed to prove negligence on the part of the defendant bailee, and that negligence would become the vital issue in the case.
 

 But the plaintiff argues in support of the judgment that the defendant offered no evidence that the plaintiff’s goods were actually in the warehouse when the fire occurred. The defendant called no witnesses on its behalf, having elicited from the plaintiff on cross-examina
 
 *414
 
 tion, that before writing his letter of July 10, referred to in the extract from the charge above quoted, he had on July 3, 1939 gone to the warehouse in response to a notice of the fire from the defendant and examined the “bins” where his goods were said to have been stored on the fifth and sixth floors, and signed a notation reading: “Looked at goods; recognized some burnt things — few dishes — no salvage”; and on July 22, 1939, had signed a similar notation reading: “Goods are total loss. There is no salvage.” It is but fair to the plaintiff to say that he testified that he had not read the notation of July 3, when he signed it and, in response to a question of the court, said he “couldn’t say” that the expression “Looked at goods, recognized some burnt things, few dishes” were on the paper when he signed it. He said he did not recognize his goods, and had insisted that the words “no salvage” should be noted on the paper. He admitted, however, writing Mr. Miller of defendant company on July 10 that everything had been destroyed.
 

 There was no evidence in the case tending to show any removal by the defendant of any of plaintiff’s goods prior to the fire. Nothing in the plaintiff’s testimony or in the other evidence on his behalf tended to prove that circumstance, nor was such a possibility even referred to in the judge’s charge. True, the defendant might have introduced some evidence to the general effect that the goods remained in the building as when stored, and had not been removed prior to or during the fire. To prove positively by the employees of the warehouse that, just prior to the fire all of the plaintiff’s goods were where they had been stored, is scarcely possible and is not required in the absence of any suspicious circumstances tending to show a removal of them or some of them, which were wholly lacking in this case. A constant
 
 checking
 
 of the goods with the storage list is not feasible nor customary, nor required. It would be an unnecessary burden and expense on the parties.
 

 
 *415
 
 The plaintiff’s case, as presented in his points, was tried on the theory that it was incumbent on the defendant to prove that it had used proper care over the bailed property.
 

 We have nothing in this case to show on what ground the verdict — which was evidently a compromise, for it was about a fourth of the amount claimed — was rendered. If it was on the ground' that there was no fire, which was the main question of fact submitted to the jury, it was capricious and arbitrary, in the light of plaintiff’s own evidence, and should not stand.
 

 We are of opinion that a new trial should be awarded, at which the relevant facts can be fully produced on both sides, in the light of the legal principles laid down in the Schell case, and a just verdict arrived at by applying those principles to the facts in evidence as determined by the jury.
 

 Judgment reversed, with a venire facias de novo.
 

 [1]
 

 See
 
 Taggart v. DeFillippo,
 
 315 Pa. 438, 440, 173 A. 423.