## Toole, Appellant, v. Miller.

Argued October 8, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*J. Thomas Hoffman,* with him *Charles M. Donley* and *Charles A. Berghane,* for appellant.

*Zeno Fritz,* for appellee.

OPINION BY MR. JUSTICE BELL, November 9, 1953:

Plaintiff brought an action in assumpsit to recover for the value of his aeroplane which had been stored with the defendant and had been destroyed by fire.

Plaintiff's evidence of negligence consisted of the following: "This fire, like all aircraft fires was extremely severe, highly destructive and, of course, was the consequence of an accident. An aircraft is a highly inflammable device . . . . The fire occurred as the consequence of an accident in installing a piece of radio equipment . . . in an aircraft located approximately in the center of the hangar." The aeroplane which contained the radio which needed repair was "covered with a fabric very much similar to broadcloth, and treated with a very inflammable chemical . . . . The engine in the aeroplane was not running . . . the battery had been disconnected and the fuses pulled . . . . Plaintiff's aeroplane was stored at the extreme end of the hangar."

The judgment is affirmed on the following opinion of Judge HENRY ELLENBOGEN: "This case comes before the court en banc upon defendant's motion for judgment n.o.v., . . .

"The plaintiff, in his own case, proved the following: He stored a 1949 Luscombe Silvaire 8F De Luxe All Metal Aeroplane in the hangar owned and maintained by defendant, at the old Allegheny County Airport. On March 19, 1949, a fire occurred in defendant's hangar which, in the language of the seventh paragraph of plaintiff's complaint, offered and admitted in evidence, 'totally destroyed defendant's hangar, place of business, and some fifteen (15) aeroplanes stored within said hangar, among which aeroplanes totally destroyed was plaintiff's aforesaid Luscombe aeroplane.' The fire occurred in the morning, shortly after the employees had reported for work, and broke out at a Stinson plane, covered with a highly inflammable material. A radio repair mechanic, employed by defendant, was preparing to work on the Stinson plane, the tools were lying on the floor, the battery had been disconnected, and the fuses pulled.

"A witness for plaintiff also testified that an electric light bulb encased in a wire cage with an extension cord plugged in was hanging over the aeroplane door, but that it was not lit at the time.

"On his part, defendant called all persons who had been in his employ on the day of the fire except two. None of defendant's witnesses was in his employ at the time of the trial. Of the two witnesses not called by defendant, one had already testified in plaintiff's case, and the other, Morelli, was unable to appear because he was confined to the Providence Hospital at Beaver Falls.

"Defendant's witnesses described their observation of the fire and their attempts to extinguish it. One of them denied that any electric extension light had been hanging on the plane.

"Neither the witnesses for plaintiff nor those for defendant knew the cause of the fire. On defendant's motion for judgment n.o.v., the testimony must be read in the light most advantageous to the plaintiff, all conflicts therein being resolved in his favor, and he must be given the benefit of every fact and inference of fact pertaining to the issues involved which may reasonably be deduced from the evidence: *McFadden v. Pennzoil*, 341 Pa. 433, 436. This we have done. The evidence does not show any negligence on the part of defendant or his employees, or any testimony from which such negligence may reasonably be deduced. It shows a bailment for hire and the destruction of the bailed goods by fire. Nothing else. The destruction of the plane by fire was proven by plaintiff in his own case and therefore the credibility of the witnesses who so testified is not involved: *Hershey v. Pgh. & W. Va.*, 366 Pa. 158.

"Negligence is never presumed. Bailments for hire are no exceptions from this general rule. If there is

512.

any presumption at all, it is that 'the bailee is presumed to have acted according to this trust, until the contrary is shown': *Beckman & Johnson v. Shouse,* 5 Rawle 179, cited with approval in *Schell v. Miller N. Broad Storage Co.,* 142 Pa. Superior Ct. 293. The burden of proving negligence is on the plaintiff and where, as here, he fails in meeting that burden and proves not only the storage of his goods and his demand for their return, but also their destruction by fire without any negligence on the part of the defendant, plaintiff cannot recover: *Anderson v. Murdoch S. & T. Co.,* 371 Pa. 212, 216, 217, and a host of cases there cited. In that case, the contract of bailment provided that the goods were stored at owner's risk of loss by fire, but that provision was not the controlling factor of the case because such a provision does not relieve the bailee from responsibility for loss occasioned by negligence:*Yeo v. Miller North Broad Storage Co.,* 146 Pa. Superior Ct. 408, 412.

"The doctrine of exclusive control does not apply to a case such as this: *Anderson v. Murdoch,* 371 Pa. 212; *Miller v. Hickey,* 368 Pa. 317.

"Under the circumstances of this case, judgment notwithstanding the verdict must be entered for the defendant."