## Grossman v. Broad Street Trust Company

*B. Bernstein,* for plaintiff.

*M. A. Foley,* for defendant.

ALESSANDRONI, J., August 2, 1954.—Plaintiff's complaint in assumpsit seeks the return of moneys which had been placed in a safe deposit box in defendant's vault. The complaint alleges lack of due diligence to prevent unauthorized access to the box. After a responsive answer, the matter came on for trial. At the conclusion of plaintiff's case, a compulsory nonsuit was entered. Hence this motion.

The undisputed facts giving plaintiff all the favorable inferences are: In 1944 plaintiff rented a safe deposit box in the vault of a bank which subsequently merged with defendant bank. When the box was leased plaintiff was given two keys; the individual lock on the safe deposit box required two separate keys to operate it. One key was held by plaintiff; the other was in possession of defendant. Neither key alone could open the box.

The lease agreement provided, inter alia:

"The liability of the Company by reason of this lease is limited to the exercise of its accustomed diligence to prevent the opening of said deposit box by any person other than the lessee or lessees or their duly authorized representative and is assumed upon the express agreement that such opening shall not be inferred from proof of partial or total loss of the contents."

The records of defendant show that plaintiff had access to the box on many occasions through the years from 1944 until February 3, 1950. On the latter date plaintiff allegedly discovered a loss of $5,450. It is, of course, quite clear that the bank had no knowledge whatsoever of the contents of the box or its value nor did it have means of ascertaining the same.

Despite the language hereinbefore quoted, plaintiff elected to prove the bailment and loss and then rest. Plaintiff's case rests on the cases which hold that where there is a mutual benefit bailment and the bailor establishes delivery and loss, the bailee must then come forward with the evidence to rebut the presumption of negligence: Madrid Motor Corporation v. Dawson, 166 Pa. Superior Ct. 451. That case also inferentially sustains the right of the parties to require a heavier burden of proof by written agreement, at page 453.

It is clear that the presumption is given for plaintiff's benefit because of the nature of the transaction, especially when the bailed property is in the exclusive possession of the bailee. Plaintiff gets beyond a nonsuit on the strength of the presumption. However, an analysis of the cases indicates that the burden of proving negligence on the part of the bailee still rests on plaintiff bailor.

It is clear that very little evidence is needed to rebut the presumption and require plaintiff to establish his case. In Schell v. Miller North Broad Storage Com-

pany, Inc., 142 Pa. Superior Ct. 293, 296, the court said:

"But when he (the bailee) gives an account, although it may be a general one, of the cause, and shows the occasion of the injury, it then devolves upon the plaintiff to prove negligence, unskillfulness, or misconduct."

However, there is a vital factual difference between the instant case and the cases cited by plaintiff. In most of the cases cited, the bailee had exclusive possession of the bailed article. Therefore, the bailor could obtain little information as to how the bailed property was lost or damaged, unless the bailee chose to explain. Hence, the reason for the presumption. However, should the same rule apply when neither bailee nor bailor has exclusive possession? In this case, the bailee's possession was no more exclusive than the bailor's; each needed the other's key to gain access to the box. Under such circumstances we see no basis for the application of the presumption.

In the bank deposit cases cited by plaintiff, on careful reading it will be seen that plaintiff established some evidence of negligence in each case. Thus, in Moon v. First National Bank of Benson, 287 Pa. 398, plaintiff established want of due care in that the bank failed to provide sufficient safeguards against burglars, and the vault, as a consequence thereof, was burglarized. In The Safe Deposit Company of Pittsburgh v. Pollock, 85 Pa. 391, the deposit company agreed to maintain a constant and adequate guard; bonds disappeared; the court held this to be some evidence that the company failed in its expressed duty of maintaining "a constant and adequate guard". All of the circumstances of the disappearance coupled with plaintiff's testimony were held to be more than a mere showing of loss and hence the presumption of lack of due care was raised. The presumption did not arise from mere proof of loss, but from the circumstances under which the loss probably occurred.

The court further distinguished the case from those where (1) there was no express agreemnt as to the duty of care, such as Finucane v. Smith, 1 Espinasse's Rep. 315, and (2) where mere proof of loss was insufficient to require the bailor's going forward with the evidence as in Farnham v. The Camden and Amboy Railroad Company, 55 Pa. 53.

In Mitchell v. First National Bank of Confluence, 136 Pa. Superior Ct. 467, the court again sustained the position that in the absence of an express contract, the general law of bailments prevailed. That case went beyond mere proof of loss and established access by another person. The question then was the authority of that person to gain access to the box. It will be observed and carefully noted that those cases where plaintiff prevailed were cases wherein more than mere loss was established. ' That is not to say that the principle of proof of loss shifts the burden cannot apply. It can apply to a proper case. But where plaintiff pleads lack of due care, and the object is not within the exclusive control of the bailee, he must affirmatively establish the failure of due care.

Under the facts before us, and the testimony outlining the procedure of entering the vault, absent the alleged loss, there is not even a scintilla of evidence of lack of due care. As a matter of fact the record establishes that plaintiff was the only one who ever had access to the box and its contents, unless we are to guess that some mysterious third party stranger entered it.

As has been indicated, where there is an express agreement controlling a bailment, the agreement must be enforced, unless contrary to public policy. Plaintiff argues that the clause hereinbefore cited is an exculpatory clause contrary to law. Clauses exculpating negligence have been condemned: Lancaster County National Bank v. Smith, 62 Pa. 47. See also

Downs v. Sley System Garages, 129 Pa. Superior Ct. 68.

Plaintiff has cited Veihelmann v. Manufacturers Safe Deposit Co., 303 N. Y. 526; 104 N. E. 2d 888, in support of its position. In that case the testimony disclosed that on occasion persons had gained admission to the vault without being required to establish their identity; also, the deposit company maintained no record of the people who entered the vault area; there was only one employe in charge of the vault. On the face of the record there were conflicts in oral testimony which could only be resolved by the jury. However, the dissenting opinion by Desmond, J., presents a potent argument peculiarly applicable to the facts of this case.

In Downs v. Sley System Garages, supra, a claim check for an automobile stated that the lot operator was not responsible for fire or theft. This clause was unenforcible under well-settled principles.

In the instant matter plaintiff has failed to establish a prima facie case. There is not a scintilla of evidence adduced on her behalf to establish lack of due care. We hold that the clause is effective to dispel any inference that might arise from proof of loss.

We further hold that the more reasonable rule of law requires plaintiff to carry the burden of proof as always, because, prior to the alleged loss, defendant bank had absolutely no information as to the value of the contents of the safe deposit box. If, in the absence of lack of due care, a bank bailee is to be an insurer for the contents of the box, it ought to have an opportunity to have the value declared in advance. This is especially of interest when the situation is such, as here, the bailee does not have exclusive possession.

We deem it more reasonable to hold that in such cases, i.e., lack of exclusive possession, plaintiff must carry a heavier burden of proof. To apply the prin-

ciple that proof of loss is sufficient to require a defense opens the doors to false and fraudulent claims.

Plaintiff's testimony read in its entirety, in the light most favorable to plaintiff, falls far short of a prima facie case. We believe the learned trial judge was warranted in granting the motion.

### Order

And now, to wit, August 2, 1954, plaintiff's motion to remove the nonsuit is dismissed.