## Maloney, Appellant, v. Harless.

Argued November 12, 1954. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ.

304

*H. N. Rosenberg,* with him *Rosenberg & Rosenberg,* for appellant.

*Kenneth P. Christman,* for appellee.

OPINION BY WRIGHT, J., January 14, 1955:

Mary Ellen Maloney brought suit in assumpsit against William R. Harless, trading as Harless Motor Sales Company, to recover damages for the destruction of her Mercury automobile by fire while it was in defendant's garage for repairs. At the conclusion of the trial, counsel for defendant presented a point for binding instructions. This point was refused, and the case was submitted to the jury. After verdict for the plaintiff, the court en banc granted defendant's motion for judgment n.o.v. This appeal followed.

On the evening of December 5, 1951, about 8:30 p.m., appellant's Mercury sedan was driven by her husband to appellee's garage for the purpose of having certain repairs made the next day. The husband testified that he was instructed to leave the car in the driveway of the garage and that Weber, appellee's sales manager, drove the car inside. The husband then went to the car and left therein a note for the service man containing detailed instructions for the repairs. He stated that, when he opened the car door to place the note inside, there was no evidence of fire and that he was not smoking at the time. Weber testified that

appellant's automobile was the last car placed in the garage that evening, that he had driven it from the driveway into the garage, that its position was not changed thereafter, that he passed the car when he left the garage at closing time, shortly after 9:00 p.m., and that he did not notice anything wrong about it. Similar testimony was given by appellee and by Sadler, another employe. Weber received a telephone call about 11:15 p.m., and when he arrived at the garage he found firemen at work extinguishing the fire. The fire was not general, but was confined to the interior of appellant's automobile.

We had occasion to consider the relevant legal principles in *Atkins v. Racquet Garage Corp.*, 177 Pa. Superior Ct. 94, 110 A. 2d 767. What we said there applies as well here, and need not be repeated. In the case at bar, appellant proved the storage of her car, demand for its return, and destruction thereof by fire. Thus appellant made out a prima facie case which shifted to appellee the duty to go forward with explanatory evidence. It did not, as appellant argues, shift to appellee the burden of proof to show that the loss was not due to his negligence. Appellee then produced testimony giving an account of the matter. This explanatory evidence did not disclose negligence on appellee's part. It was therefore proper for the court below to enter judgment n.o.v.

Appellant places principal reliance upon *Wendt v. Sley System Garages*, 124 Pa. Superior Ct. 224, 188 A. 624; *Sign Animation Corp. v. Wilkie Buick Co.*, 124 Pa. Superior Ct. 234, 188 A. 628; and *Downs. v. Sley System Garages*, 129 Pa. Superior Ct. 68, 194 A. 772. But these cases were re-examined and explained in the leading case of *Schell v. Miller North Broad Storage Co.*, 142 Pa. Superior Ct. 293, 16 A. 2d 680 in which the correct rule was set forth. And see *Madrid Motor*

*Corp. v. Dawson,* 166 Pa. Superior Ct. 451, 71 A. 2d 849. The statement which appellant quotes from Berry on Automobiles was expressly repudiated in the *Schell* case, supra, because it "does not accurately express the law as it has been laid down by the appellate courts in this state".

Appellant further relies upon the doctrine of exclusive control. Counsel cites *Commonwealth v. Montour Transport Co.,* 365 Pa. 72, 73 A. 2d 659, for the proposition that negligence "may be established by proof that the instrumentality causing the injury was within the exclusive management and control of the defendant and the accident such as would not have happened in the ordinary course of events without negligence". But the instrumentality which caused the loss in the case at bar was the fire and not the car, and the doctrine of exclusive control "is clearly inapplicable to a case such as this": *Anderson v. Murdoch Storage and Transfer Co.,* 371 Pa. 212, 88 A. 2d 720. And see *Toole v. Miller,* 375 Pa. 509, 99 A. 2d 897.

It is appellant's final position that appellee was guilty of negligence because he did not employ a watchman. In *Tower v. Grocers Supply & Storage Co.,* 159 Pa. 106, 28 A. 229, which was a bailment case wherein one of the allegations of negligence was the absence of a watchman, Mr. Justice THOMPSON said: "But there was error in submitting to the jury the question of negligence or want of care. The appellant was a bailee for hire and was bound to exercise ordinary diligence and care. Its liability could only be the result of a failure to exercise such care or diligence. The proofs do not show a want of this care or diligence, nor do they warrant an inference of either". And see *Cummings v. Pa. R. R. Co.,* 301 Pa. 39, 151 A. 590. In the words of Judge KAUFMAN for the court below: "In reading the testimony in a light most advantageous

to the plaintiff and giving the benefit of every fact and inference of fact which may reasonably be deduced from the evidence there is no evidence or inference therefrom which shows that the fire which destroyed plaintiff's car was a result of negligence of the defendant or his employees or failure to adopt reasonable precautions to prevent a fire. Because the fire might have been prevented by hiring a watchman when such is not done by reasonably prudent persons under similar circumstances does not prove negligence".

Judgment affirmed.