## Atkins *v.* Racquet Garage Corporation, Appellant.

Argued October 5, 1954. Before RHODES, P. J.,
HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN,
JJ.

*Horace Michener Schell,* for appellant.

*Philip Richman,* with him *Richman & Richman,* for
appellee.

OPINION BY WRIGHT, J., January 14, 1955:

Waldo A. Atkins brought suit in assumpsit against
Racquet Garage Corporation to recover damages for
the destruction of his motor vehicle by fire while it
was in storage. Following a verdict for plaintiff, de-
fendant filed motions for judgment n.o.v. and for a
new trial, which were dismissed by the court en banc.
This appeal followed.

Appellee was the owner of a Buick convertible
coupe. On June 28, 1947, he and his wife used the
car for a pleasure drive in the suburbs of Philadelphia.
About midnight, or shortly thereafter, appellee drove
into appellant's two-story enclosed garage for the pur-
pose of storing the car. The testimony shows that
no one other than appellant's employes had access to
the garage. Appellee and his wife got out of the car

as soon as it had been driven into the garage entrance, received a claim check,[1] and departed. When appellee called for the car on the following day, the attendant told him there had been "a little accident with the car", and took him up to the second floor where appellee found that the vehicle had been badly damaged by fire. From the evidence it appears that the fire was largely confined to the interior, but that everything inflammable therein was destroyed. At the close of appellee's case, appellant's motion for a compulsory nonsuit was refused.

On behalf of appellant, the attendant on duty when the vehicle was brought to the garage testified that, upon preparing to drive it upstairs, he "smelled something burning . . . something like rubber was burning". He immediately reported this to the night manager who inspected the car and found that the wheels were "pretty hot", from which the attendant reasoned that "the man was driving with the brakes up". The vehicle was left standing on the first floor for fifteen or twenty minutes "to see if there was any smoke", and then taken to the second floor and parked. Thereafter, the attendant was on the second floor several times and "still smelled the odor", but "still didn't see smoke or anything", although he lifted the hood and examined the engine. The attendant stated that as late as 2:30 a.m. "the car was still smelling", and he spoke to the manager about it before going off duty. The manager testified that, about 3:00 a.m. he saw a reflection of fire and when he got to the second floor the Buick convertible was aflame. He called the fire

---

[1] It is immaterial that the claim check contained the statement "not responsible for fire or theft". A bailee cannot stipulate against liability for his own negligence: *Baione v. Heavey*, 103 Pa. Superior Ct. 529, 158 A. 181.

department and tried himself to extinguish the fire "but it was too far gone". No other cars were damaged by the fire. The trial judge refused to affirm appellant's points for charge,[2] the first of which was for binding instructions.

The relevant legal principles are set forth in the leading case of *Schell v. Miller North Broad Storage Co.*, 142 Pa. Superior Ct. 293, 16 A. 2d 680, wherein plaintiff's goods were burned in a general fire which destroyed defendant's warehouse. Judge (later Mr. Justice) PARKER said:

"Our appellate courts have never departed from the rule that when a bailor shows that bailee has failed to return the goods on demand, then the bailee has the duty of going ahead with proofs showing the manner in which the goods were lost. When the bailee returns the goods in a damaged condition or fails to return them at all the law requires him 'to give an account of the matter' or assume responsibility for the loss. 'But when he gives an account, although it may be a general one, of the cause, and shows the occasion of the injury, it then devolves upon the plaintiff to prove negligence, unskillfulness, or misconduct': Logan v. Mathews, 6 Pa. 417, 418. If the bailee in endeavoring to exculpate himself by describing the manner of the loss, discloses negligence, of course the bailor is not required to proceed farther . . .

"As we have heretofore shown when the bailor has proved a bailment, demand, and failure to deliver, it then becomes incumbent upon the bailee to go for-

[2] Appellant submitted three points in writing. There was also a dictated request that the charge "should be enlarged", which it has been agreed we may treat as a fourth point. The trial judge felt that points two and four had been adequately covered in his general charge. Point three was withdrawn.

ward with proofs not necessarily showing that he used proper care in handling the bailment but merely showing 'by clear and satisfactory proof that the goods were lost, and the manner they were lost'. When the bailee has furnished such proofs satisfactory to the court and jury and if such proofs do not disclose lack of due care on his part, then the bailor, if he would recover, must prove negligence on the part of the bailee and the bailee's negligence becomes the vital issue".[3]

This language was repeated in *Carlton v. Sley System Garages*, 143 Pa. Superior Ct. 127, 17 A. 2d 748, which involved damage to plaintiff's car after it had been turned over to defendant but before it had been transferred by defendant to its parking lot. It was quoted with approval by President Judge KELLER in *Yeo v. Miller North Broad Storage Co.*, 146 Pa. Superior Ct. 408, 23 A. 2d 79, which involved the same general fire as the *Schell* case. When the *Schell* case was before this court a second time: *Schell v. Miller North Broad Storage Co.*, 157 Pa. Superior Ct. 101, 42 A. 2d 180, affirmed 353 Pa. 319, 45 A. 2d 53, speaking through Judge RENO, we said: "Appellee was therefore not an insurer but it was obliged to exercise ordinary diligence and care not only to prevent a fire from starting *but also to arrest its progress* (italics supplied)".

In *Widawski v. Lupowitz*, 164 Pa. Superior Ct. 298, 63 A. 2d 106, plaintiff placed his automobile in defendant's garage. The next morning when plaintiff demanded the automobile defendant failed to deliver it. It was held that defendant's account of the matter

---

[3] It has been held that these principles do not apply where the bailee denies receipt of the property and maintains that the bailor sustained no loss: *Bernstein v. Northwestern National Bank*, 157 Pa. Superior Ct. 73, 41 A. 2d 440.

disclosed negligence on his part, and a verdict for the plaintiff was sustained. In *Madrid Motor Corp. v. Dawson,* 166 Pa. Superior Ct. 451, 71 A. 2d 849, the bailee admitted the bailment and the damage but failed to go forward with evidence[4] to show how the damage occurred. We held that the bailor was entitled to binding instructions on the question of liability.

Our Supreme Court has considered the question in four recent cases. In *Hershey v. Pittsburgh & West Virginia Railway Co.,* 366 Pa. 158, 76 A. 2d 379, plaintiff proved the bailment of twenty tons of peanuts, demand for their return, and failure of defendant to deliver. Plaintiff did not prove destruction by fire. Defendant then went forward with explanatory evidence. It was held that the case was properly submitted to the jury. In *Anderson v. Murdoch Storage and Transfer Co.,* 371 Pa. 212, 88 A. 2d 720, plaintiff not only proved the storage of his household goods, demand for their return, and destruction thereof by fire, but also assumed the burden of proving that the loss was due to defendant's negligence. The testimony offered by the plaintiff in this regard did not support such an inference. It was held that a compulsory nonsuit was properly entered, Mr. Justice MUSMANNO dissenting. In *Toole v. Miller,* 375 Pa. 509, 99 A. 2d 897, plaintiff sued for the value of an aeroplane which had been destroyed by fire while stored with the defendant. Both parties produced testimony on the question of negligence. The entry of judgment n.o.v. for the defendant was affirmed because the evidence was insufficient to establish negligence. In *Rubin v. Goldner et al.,* 380 Pa. 240, 110

---

[4] There is of course a distinction between going forward with evidence and burden of proof: *Zenner v. Goetz,* 324 Pa. 432, 188 A. 124. And see *Duvall v. Potter,* 59 D. & C. 318.

A. 2d 237, an order refusing to enter judgment n.o.v. for the defendants was affirmed because there was sufficient evidence to establish negligence.

In the case at bar, appellee proved the storage of his car, demand for its return, and destruction thereof by fire. He did not in chief attempt and fail to show that the loss was due to appellant's negligence. The case is therefore not ruled by *Anderson v. Murdoch Storage and Transfer Co.,* supra, and it was proper for the trial judge to refuse the motion for a compulsory nonsuit. In its explanation appellant then produced testimony from which negligence might reasonably be deduced. It was therefore proper, under our ruling in *Widawski v. Lupowitz,* supra, for the trial judge to submit this controlling issue to the jury.

Appellant's position is that it was incumbent upon it merely to show the facts of which it had knowledge, and that the overall burden of proof of negligence was upon the appellee. We agree with this contention, and appellant's second and fourth points might well have been affirmed. However, we also agree with the trial judge that the relevant principles were sufficiently covered in his general charge. Our examination thereof reveals that it was comprehensive and impartial. We are not in accord with appellant's theory that its evidence of the manner of the loss did not involve negligence on its part. The court below did not err in refusing to enter judgment n.o.v., or in dismissing the motion for a new trial.

Judgment affirmed.