## Harris v. New Bethlehem Bank

*Martin E. Geary* and *Howard R. Panton*, for plaintiffs.

*Chester H. Byerly*, for defendant.

WEAVER, J., February 15, 1957.—Plaintiffs rented a safe deposit box from defendant under a written lease for the yearly sum of $4.80. The complaint in assumpsit alleges that prior to April 1955, a brown

envelope containing the sum of $2,650 was in the box and that during the latter part of April or the first part of May 1955, plaintiff discovered the envelope containing the money was missing. Plaintiffs allege a demand on defendant for return of the envelope and money and the refusal of defendant to comply with their request. The complaint does not allege any negligence on the part of defendant.

Attached to the complaint is a copy of the lease agreement. The said agreement is a printed form and is headed lease of safe deposit. The agreement refers to the bank as a lessor and to plaintiffs in this action as lessees, and provides that the parties to this action have covenanted and agreed to certain terms of lease, inter alia, as follows:

1. Provides for cancellation by the lessors after 10 days' notice by mail.

2. The lessees themselves must remove and replace their box.

3. Lessor shall under no circumstances, except as provided in paragraph 9, be considered as bailee or otherwise howsoever in control or possession of the contents of the leased box, the relation of the lessor and lessees, under this agreement, being that solely of landlord and tenant.

4. Provides that the lessor may regulate the hours of use for the box.

5. Provides that in the event of a court action against one person having the right of access to the box, that the box shall be closed to everyone until the writ, process or decree be annulled.

6. Provides: "Lessor will retain no keys which will open any leased box and upon the surrender of said box the keys thereto must be returned immediately". Any expense of the lessor for changing locks owing to loss of keys or for failure to deliver keys must be paid by the lessees.

7. Provides for signatures to be on record of the lessees and of agents or deputies appointed by lessees to open the box.

8. Provides the liability of lessor in respect to property deposited in said box is limited to ordinary care in the performance by employes and officers of lessor of their duties, and shall consist only of:

(a) Keeping the box in the vault where located when this rental contract is entered into or in one of equal specifications, the door to which box shall be locked at all times except when an officer or an employe is present.

(b) Allowing no person access to said box except lessees or authorized deputy attorneys in fact having special power to act, identification by signature being sufficient of his or her legal relative in the case of death, insolvency or other disability of lessees except as herein expressly stipulated. An unauthorized opening shall not be presumed nor inferred from proof of partial or total loss of contents.

9. Provides for the payment of rental in advance, the cancellation of the agreement for failure to pay the rent and for the right of the lessors to forcibly open the box at the expense of the lessees where rent is not paid or where the keys are not delivered on the termination of the lease agreement. This section also provides for the lessor to hold the contents for unpaid rental and, if not of sufficient value to pay the rent, to dispose of them as the lessor sees fit.

10. Lessor shall not be liable for any delay caused by failure of the vault doors or locks to operate and also provides that if the lessees are husband and wife that all property placed therein is to be joint property and on death of either to pass to the survivor. That each shall have full access to and control of the contents of the box and that there shall be no liability to lessor

in the event that the contents of the box are misappropriated by one or more of those having access.

11. Provides that the box shall not be used for liquor or narcotics and so forth.

12. Provides that the contract is personal and may not be assigned or transferred.

13. Is a receipt by the lessees for two keys to the box.

The other paragraphs are not significant to this action.

Defendant has filed preliminary objections to the complaint in the form of a demurrer. Defendant avers that although the complaint alleges "that the safe deposit box leased by the plaintiffs was under the exclusive control and custody of the defendant that this is contrary to the written agreement clause which provides as follows: 'The lessor shall, under no circumstances except as provided in paragraph 9, be considered as bailee or otherwise howsoever in control or possession of the contents of the leased box, the relation of lessor and lessee under this agreement, being solely of landlord and tenant.' " The preliminary objections further aver that plaintiffs have not alleged any lack of ordinary care or negligence on the part of defendant, its servants or agents and call attention to the fact that the contract entered into between the parties provides:

"An unauthorized opening shall not be presumed nor inferred from proof of partial or total loss of contents."

The contention of plaintiffs at the oral argument and by a brief filed at the hearing of the preliminary objections is that the relationship between plaintiffs and defendant to this action cannot be that of landlord and tenant as provided by the agreement but must be that of bailor and bailee. Plaintiffs allege that the bank may not relieve its liability by a contract where

the law imposes a duty on the bank when dealing with the general public. Plaintiffs further maintain that any provision in a contract of bailment purporting to limit or abrogate bailees' liability for negligence is against public policy and therefore null and void.

Defendant's contention is that the parties may enter into an agreement as to their various duties and liabilities so long as the agreement is not contrary to public policy.

The court requested counsel to submit a brief as to the effect of the written lease and whether the general law of the State of Pennsylvania, which provides that the relationship between a bank and a safe deposit holder is that of bailor and bailee, may be limited by an express agreement of the parties. No cases have been called to the attention of the court as to this fact except defendant's citation of Mitchell v. First National Bank of Confluence, 136 Pa. Superior Ct. 467. In that case the court stated that a bailor-bailee relationship exists between the bank and the renter of a safe deposit box *"since there was no formal contract."*

The law of bailments, 6 Am. Jur. 496, §414, refers to special contracts. It is there said:

"As in other bailments, with respect to property deposited in a safe-deposit box by a customer of a safe-deposit company, the parties, since the relation is a contractual one, may by special contract define their respective duties or provide for increasing or limiting the liability of the deposit company, provided such contract is not in violation of law or of public policy. [Citations: Schaefer v. Washington Safety Deposit Company 281 Ill. 43; Morgan v. Citizen's Bank 190 N. C. 209; Safe Deposit Company v. Pollock 85 Pa. 391.] It must clearly appear that there actually was such a special contract, however, in order to vary the ordinary obligations implied by law from the relationship of the parties; liability of the deposit company will

not be enlarged or restricted by words of doubtful meaning.

"As is true of other bailees the company, in renting safe-deposit boxes, cannot exempt itself from liability for loss of the contents by its own fraud or negligence or that of its agents or servants, and if a provision of the contract may be construed as an attempt to do so, it will be held ineffective for the purpose."

In Farnham v. Camden & Amboy Railroad Company, 55 Pa. 53, we have a special contract case. The court said:

"The common law defines the duty and the liability in the one case—in the other the law is set aside by agreement of the parties, and they make a law for themselves, and thus they stand on the relation they create, and not on the law of common carriers . . . the burden of proving that the loss was occasioned by the want of due care or by gross negligence, lies on the libellants. . . . The doctrine is firmly settled that a common carrier cannot limit his liability so as to cover his own, or his servant's negligence. Nor do I suppose this possible of any bailee. But it is clear that by contract, he may be placed in the position of a limited insurer, excepting negligence, instead of an insurer against everything. . . ."

This case cites various cases where a special agreement varied the liability between the parties. See also 8 C. J. S. 264 §26(e), where the rule is stated:

"A bailee's liability may be diminished by special contract, provided the contract is not in violation of law or of public policy, and does not exempt the bailee from the consequences of his own fraud, or negligence." See also Grossman v. Broad St. Trust Co., 1 D. & C. 2d 476.

The conclusion of this court is that the agreement entered into between the Harris' and the New Bethlehem Bank was not contrary to public policy; the said

contract does not attempt to limit the liability of the bank for negligence. The bank is responsible for fraud and negligence of its employes. Plaintiffs may not proceed by a form of trial provided for an unrestricted bailment but must allege negligence in their complaint.

The effect of this decision is that the Harris' may not proceed with this case unless they file a complaint in which negligence is averred and they follow this at the trial by presenting sufficient evidence to take to the jury the fact of negligence of defendant institution.

### Order

And now, February 15, 1957, the demurrer of the complaint is sustained and plaintiffs are given 20 days from the date of filing this opinion in which to file an amended complaint to correct their failure to plead negligence on the part of defendant in this case; otherwise, judgment will be entered for defendant. An exception is granted to plaintiffs.